PUTNAM C. DART, Appellee.

*vs.*

JOHN C. SHERWOOD and WILLIAM C. SHERWOOD,
Appellants.

APPEAL FROM MARQUETTE CIRCUIT COURT.

When A makes a promissory note in the singular number, and B signs the same, adding the word "surety" after his name, both are liable, and may be sued together as makers. Such a note is joint and several, and both parties are principals.

A note set out according to its legal effect, can be given in evidence under the common counts.

A debt due to A alone, cannot be set off against a debt due from A and B jointly

This is an action of assumpsit brought by the appellee against the appellants, as joint makers of a promissory note, which read as follows :

$400.                                     RIPON, Wis., Nov. 4th, 1856.

Thirty days after date, for value received, I promise to pay Putnam C. Dart or order, four hundred dollars, with interest, at the rate of twelve per cent. per annum.

J. C. SHERWOOD,

WM. C. SHERWOOD, Surety.

Both the appellants put in a plea of the general issue, with the usual notice of set-off by the defendant, John C. Sherwood.

On the trial the plaintiff offered the note in evidence, and the defendants made two objections to the reading of the same : 1. that the note could not be read under the common counts and notice. 2. That the note did not show a joint

liability. The court allowed the note to be read, and the plaintiff rested his case. The defendants moved for a non-suit on the ground that there was a misjoinder of parties defendant. This motion was denied.

The defendant, John C. Sherwood, then offered to prove a set-off, consisting of the payment of moneys by him, the said John C., for the plaintiff, which was objected to by the counsel for the plaintiff, and the objection sustained by the court; to which the defendant excepted.

Judgment was then rendered by the court against the defendants for the sum of damages, four hundred and fifty-two dollars and eighty cents, and thirty-three dollars and eighty-two cents costs.

From which judgment this appeal is taken.

*A. B. Hamilton,* for Appellants.

1. The note was improperly received in evidence under the common counts, because one of the defendants signed as surety. " The rule is nearly or quite universal, that there can be no recovery against a surety when his character appears on the face of the instrument, without declaring specially on the contract." *Butler vs. Rawson,* 1 Denio, 105 ; *Wells vs. Girling,* S. Taunt., 737. " The fact that a copy of the note was served with the declaration, will not aid the plaintiff. The statute on that subject only applies to cases where different parties, as makers and endorsers, drawers and acceptors, are joined in one action." *Butler vs. Rawson,* 1 Denio, 107 ; *Stewart vs. Glenn,* 5 Wis, 14.

2. There was a *mis-joinder* of parties defendants, and the court erred in refusing to nonsuit on this ground. " If *too many* persons be made defendants, the plaintiff may be non-suited upon the trial if he fail in proving a joint contract." 1 Chit. Plea., 50 ed. of 1833; *Seabury vs. Hungerford,* 2 Hill, 80 ; *Miller vs. Gaston,* 2 Hill, 188. The surety stands in the

Dart vs. Sherwood.

relation of a guarantor, and he cannot be joined with the maker of a promissory note. *Morehouse's Executors vs. Ballow*, 16 Barb., 289 ; *Leroy vs. Shaw*, 2 Duer, 626 ; *Brown vs. Curtis*, 2 Comstock, 255 ; *Brewster vs. Silencr*, 4 Seld., 207.

3. The set-off should have been allowed. The defendants, if makers, are not *joint* but *several* makers, and by § 12, p. 503, R. S., were entitled to set off the demand of one of them against the plaintiff in this action.

*Wheeler & Kimball*, for the appellee.

1. The note is the joint and several promissory note of the defendants. Story on Promissory Notes, § 57, p. 160. The addition of the word " surety " to the name of William C. Sherwood, does not change the character of his contract He promises absolutely to pay ; not to guarantee the payment. It is not a promise to pay another's debt, but an original and absolute promise to pay, and the addition to his name of the word " surety," does not change his absolute promise or contract into a contract of guaranty. It is like adding the words " trustee," " agent," &c., to the signature to a note, a mere *descriptio personarum*. 8 Cowen, 31 ; 1 Chand., 146. It is not a distinct, independent agreement, requiring a new or separate consideration to sustain it. It is a valid contract, a promise to pay, notwithstanding the addition to his name of " surety," " trustee," or any other description of himself. 10 Watt's Reports ; *Bond vs. Storrs*, 13 Conn. Rep., 412 ; 2 Watts & Sergeant, 44 ; 5 Mass., 358 ; 6 Mass., 58.

2. The note was properly admitted in evidence under the declaration. 2 Wis. R., 149.

3. The authorities quoted by the appellee, are not applicable to a case arising under the statutes of Wisconsin, R. S., 503, § 10.

4. The offer to prove the set-off was properly rejected ; Rev.

Stat., 505, § 1, Subdivision 6.   § 12 does not apply to this case.

*By the Court,* WHITON C. J.   The judgment of the court below is correct and must be affirmed.   The note declared upon is the joint and several note of the defendants; joint because it is signed by both; and several, because each defendant promised severally.   Story on Promissory Notes, S. 57; *Hunt vs. Adams,* 5 Mass. R., 358; *Same vs. Same,* 6 do., 519.

The objection taken to its introduction in evidence under the common counts has no existence in fact, because it was specially declared upon according to its legal effect.

We have no doubt that as to the payee of the note the defendants were both principals, though we do not see as that question arises in the case.

The offer to prove the set-off was, under the circumstances of this case, properly rejected.   The action was against two makers of a promissory note, and the defendant, John C. Sherwood, offered to prove a set-off consisting of moneys paid by him for the benefit of Dart.   It is well settled that one of several defendants cannot set-off a debt due him alone from the plaintiff against a joint debt.   Sub. 6, § 1, chap. 94 of R. S.; *Warner vs. Backer,* 3 Wend. R., 400; *Wolfe vs. Washburne,* 6 Cowen R., 261; § 12, chap. 93 of R. S., we do not think has any application to this case.

The judgment of the circuit court must therefore be affirmed.