## BURDICK vs. BURDICK, impleaded with another.

*Judgment for deficiency cannot be rendered before confirmation, nor during vacation—May be rendered jointly against mortgagor and another party liable for mortgage debt—Sec. 3, chap. 243, Laws of 1862.*

1.   Under sec. 3, chap. 243, Laws of 1862, judgment for a deficiency in foreclosure, can be rendered only at or after the confirmation of the sale.
2.   But it cannot be entered in vacation.
3.   The mortgagee, on assigning the note and mortgage, having given his bond conditioned that the principal and interest secured thereby should be paid when due, judgment for the deficiency may be rendered against him and the mortgagor jointly, under the statute.

APPEAL from the Circuit Court for *Green Lake* County.

Foreclosure of a mortgage executed to defendant *Shadrach Burdick* by defendant *Dickinson*, to secure his note, and subsequently assigned and transferred with the note to plaintiff

together with a bond of said *Shadrach Burdick*, conditioned that the principal and interest secured by said note and mortgage should be paid when due. The complaint stated these facts. There was no appearance on the part of *Shadrach Burdick*, and judgment of foreclosure and sale was rendered, which contained a provision that the defendants should pay any deficiency, &c. The premises were sold and the sale confirmed 16th February, 1865. On the 18th of May following, *in vacation*, a judgment for the deficiency was entered against the defendants jointly; from which *Shadrach Burdick* appealed.

*A. B. Hamilton*, fo appellant.

*E. L. Runals*, for respondent.

COLE, J. The judgment for deficiency in this case was entered up by the clerk in vacation. This was clearly erroneous. The court was only authorized to give judgment for the deficiency at the time of the confirmation of the report of sale, or some time thereafter. This is the express language of the statute. Sec. 3, chap. 243, Laws of 1862; *Baird v. McConkey*, [*ante*, p. 297]. A point is taken, that the appellant was not a proper party to the foreclosure suit, and that no judgment could be rendered against him in that suit for the amount found due after exhausting the mortgaged premises. This position we think untenable. The plain language of the statute is, if the mortgage debt be secured by the obligation or other evidence of debt executed by any other person besides the mortgagor, that such person may be made a party to the action, and that judgment may be rendered against such other person as against the mortgagor for the balance due after a sale of the mortgaged premises. It is said there was no express promise on the part of the appellant to pay the mortgage debt. We do not so understand the contract of the appellant. It seems to us that he did enter into an obligation to pay the mortgage debt. What other construction can be placed upon the bond he executed at the time he assigned the mortgage and note to the respondent?

We think the obligation entered into by the appellant comes fully within the provisions of the law of 1862. But, for the reason already given, the judgment for deficiency must be reversed.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.