## BISHOP vs. DOUGLASS and another, impleaded, etc.

*Acceptance of deed, which states that grantee is to pay mortgage debt :    1. A simple contract.    2. May be enforced in foreclosure action.*

1. Where one has bound himself to pay a mortgage debt, by accepting a conveyance of the mortgaged land containing a clause to that effect, an action will lie, under ch. 243, Laws of 1862, to foreclose his equity of redemption (as well as that of the mortgagor), and also to enforce such personal liability.
2. The conveyance not being signed and sealed by such grantee, his obligation to pay the mortgage debt is one of simple contract only, within the meaning of the statute of limitations.
3. After an action on his personal liability is barred, he is still a proper defendant to an action to foreclose the mortgage.

APPEAL from the Circuit Court of *Racine* County.

*James* and *Alexander Douglass* demurred to the complaint in an action for the foreclosure of a mortgage (to which they were made defendants with the mortgagor and others), on the grounds that several causes of action were improperly united therein, that the cause of action alleged against said defendants was barred by the statute of limitations, and that facts were not stated sufficient to constitute a cause of action against them. The demurrer was overruled;· and they appealed from the order. The grounds of their alleged liability will appear from the opinion.

*Smith & Stark*, for appellants, argued, that the causes of action united in the complaint could not have been so united prior to the passage of ch. 243, Laws of 1862 (*Walton v. Goodnow*, 13 Wis. 661; *Sauer v. Steinbauer*, 14 id. 70; *Faesi v. Goetz*, 15 id. 231); that the appellants were not within the description contained in that act, of persons against whom a personal judgment might be rendered in such an action as this; and that the court would not change the act—would not enlarge its scope beyond its plain and obvious meaning, in order to hold appellants within it. *Ogden v. Glidden*, 9 Wis. 46; *Weissner v. Wells*, id. 471. To the point that the liability of the appellants to pay the mortgage, by reason of their acceptance of the deed from the mortgagor with a clause to that effect, was a simple implied contract, not under seal, they cited *Maule v. Weaver*, 7 Barr, 329; *Trustees, etc., v. Spencer*, 7 Ohio, 493; *Hinsdale v. Humphrey*, 15 Conn. 431; *Benbury v. Benbury*, 2 Dev. & Bat. Eq. 235; *Bateman v. Latham*, 3 Jones's Eq. 35; *Kent v. Edmondston*, 4 Jones's Law, 529; *Blyer v. Monholland*, 2 Sandf. Ch. 480; *Goodwin·v. Gilbert*, 9 Mass. 510; *Brewer v. Dyer*, 7 Cush. 340; Taylor's L. & T. § 259; 2 Platt on Leases, 5, 6, and notes. The statute of limitations upon this implied contract began to run when appellants took the deed, or when thereafter the mort-

gage fell due. *Burr v. Beers*, 24 N. Y. 178; *Martin v. Fox & Wis. Improvement Co.*, 19 Wis. 552; *Thompson v. Bertram*, 14 Iowa, 476; *Thompson v. Thompson*, 4 Ohio St. 353; *Kimball v. Noyes*, 17 Wis. 695. The same period of limitation (six years) applies to the remedy in equity as at law, the right sought to be enforced being the same. *Crawford Co. v. Iowa Co.*, 2 Chand. 14. If, however, the action be regarded as equitable, and not merely as the enforcement of a legal right in equity, it should have been commenced within ten years after the cause of action accrued. R. S., ch. 138, sec. 22.

*Fuller & Dyer*, for respondent, as to the joinder of several causes of action, relied upon ch. 243, Laws of 1862, citing *Burdick v. Burdick*, 20 Wis. 348; and to the point that "the acceptance of a conveyance containing a statement that the grantee is to pay off an incumbrance binds him as effectually as though the deed had been *inter partes*, and had been executed by both grantor and grantee," they cited *Trotter v. Hughes*, 2 Kern. 78; *Halsey v. Reed*, 9 Paige, 446; *Curtis v. Tyler*, id. 432; *Blyer v. Monholland*, 2 Sandf. Ch. 478; *Rawson's Adm'x v. Copland*, id. 251; *Ferris v. Crawford*, 2 Denio, 595; *Burr v. Beers*, 24 N. Y. 178. The obligation, therefore, arose out of the deed, and the action to enforce it is "an action upon a sealed instrument," and not barred within twenty years. R. S., ch. 138, sec. 15; Angell on Lim. (5th ed.) 84; *Baily v. Jackson*, 16 Johns. 210; *Buffum v. Deane*, 4 Gray, 393; 2 Zab. 311; 5 Barn. & Cress. 589; Co. Litt. 231, a; 1 Rolle, 359; 1 Ves. & B. 14; Comyn's Dig., title "Covenant," (A 1.) pl. 5, 6; 4 Cruise's Dig. 393, tit. 32, c. 26, § 4.

PAINE, J. This is a demurrer to a complaint for the foreclosure of a mortgage. The complaint alleges that the appellants purchased the property from the mortgagor subject to the mortgage, and that the deed to them contained a clause by which they assumed and agreed to

pay it. So far as appears from the complaint, they are proceeded against as subsequent purchasers in order to bar their right of redemption, and the plaintiff also asks a personal judgment against them for the deficiency, if any, that may arise on a sale.

In support of the demurrer it is claimed that there is a misjoinder of causes of action, and that the appellants, even though liable, on the clause of the deed above referred to, for any deficiency, cannot be made so liable in this action. It is said that they are not within the provision of chapter 243, Laws of 1862, which enacts, that, "if the mortgaged debt be secured by the obligation or other evidence of debt, executed by any other person besides the mortgagor, the plaintiff may make such person a party," etc. It is said that as they did not sign the deed to themselves, therefore they did not "execute" any evidence of debt within the meaning of this statute. But this interpretation is too literal. It being the settled law that a party who accepts a conveyance or other instrument, imposing upon him, as a condition to the right he acquires by it, some obligation, becomes bound by such acceptance to perform the condition, such a state of facts may well be held to be an execution of an evidence of debt, within the general meaning of this act. It meant to include every mode by which a party could so connect himself with an obligation to pay, evidenced by writing at least, as to become bound in law.

A further ground of demurrer was, that it appears on the face of the complaint that the claim against the appellants for the deficiency is barred by the statute of limitations. This was the question principally discussed, and which counsel on both sides requested us to decide.[*]

We are of the opinion that if the demurrer had been confined to that portion of the complaint, it should have been sustained for this reason. It depends wholly upon

---

[*] The complaint shows that the whole mortgage debt became due before July 1, 1856, and that the deed to the appellants was made and delivered August 15, 1857; and this action was commenced in 1869.

the question whether the contract by the appellants was a simple contract, or was one under seal. And we think the weight of authority and the result of the argument upon principle concur in holding that it is but a simple contract. It is so, for the reason that the party has nowhere bound himself under seal. The seals of the grantors in the deed to him are not his seals. The instrument does not profess to bind him under seal. True, it contains a clause that he assumes and promises to pay the mortgage debt. But it does not contemplate that he is to become bound by that promise by signing and sealing the instrument, but only by accepting it and the benefit under it. It is therefore a mere promise which acquires its binding force by acts *in pais*, without any signature or sealing whatever. And it seems impossible upon such facts to say that the party has promised under seal. In addition to the authorities cited in the appellants' brief upon this point, see *Davis v. Golston*, 8 Jones (Law), 28, and the cases there cited.

There are some cases, and some intimations in the books, that would support the position that an action of covenant might be sustained against the appellants upon the facts here presented. But the other class of authorities have the better reason. Those cases in New York, cited by the respondent, using the broad language that "the acceptance of a conveyance containing a statement that the grantee is to pay off an incumbrance, binds him as effectually as though the deed had been *inter partes*, and had been executed by both grantor and grantee," were considering merely the question whether the grantee, in such cases, was bound at all, but not the special character of that obligation. In stating that he was bound, they used that strong language that he was bound as effectually as though he had executed the deed. But it by no means follows, that, if they had been called upon to decide as to the exact nature of his contract with reference to the statute of limitations, they would have

held that his contract would have been of the same character in the two cases. We think the personal liability of the appellants to pay the mortgage debt, upon the facts stated in the complaint, arose only out of a simple contract; and, this being so, it was conceded that all claim against them for any deficiency was barred by the statute.

But they seem to have been proper parties, as subsequent purchasers of the mortgaged property, for the purpose of barring their right of redemption. It does not appear that they have conveyed it away. And, as the demurrer was to the whole complaint, it was for this reason properly overruled; though, if it had been confined merely to the claim against the appellants for a deficiency, it should have been sustained.

*By the Court.*—The order is affirmed.

# APPENDIX A.

The opinions in the following causes were overlooked when the other cases of the same terms, respectively, were published :

## JUNE TERM, 1862.