THE FOND DU LAC HARROW COMPANY VS. HASKINS, imp.

<div style="float:right">51 135<br>f102 533</div>

*December 24, 1880 — January 11, 1881.*

*(1)  When contract joint and several.   (2) Parties to action on mortgage of one contractor, securing joint and several contract.*

1. A promise expressed, in the body thereof, in the singular number, but executed by two or more persons, is joint and several.
2. Where a joint and several guaranty is secured by the mortgage of one only of the guarantors, all of them may be made defendants to an action for a foreclosure of the mortgage and for personal judgment against them all for any deficiency, under section 3156, R. S.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is thus stated by Mr. Justice TAYLOR:

"This action was brought to foreclose a mortgage given by one Susanah Bowles to the plaintiff, to secure the payment of any sum which should be found due to the plaintiff from her on her contract of guaranty below set forth. The complaint sets out a contract between the plaintiff and one S. N. Griffith, and then alleges that the said Susanah Bowles, *James A. Haskins*, and one Ruth A. Griffith, at the time of the execution of the contract between the plaintiff and said S. N. Griffith, executed to the plaintiff their guaranty in writing upon the same paper upon which said contract was written, as follows:

"'Having read the foregoing agreement, and understanding the terms and conditions therein, the undersigned, for value received and acknowledged, hereby guaranty that said Griffith will pay for all purchases made; and, in case of payment of the whole or any part thereof by note, I guaranty payment of such note or notes, or any renewals thereof, at maturity or any time thereafter.

[Signed]    'SUSANAH BOWLES,
'JAMES A. HASKINS,
'RUTH A. GRIFFITH.'

" The complaint then alleges that there had become due to the plaintiff, upon the contract with Griffith, the sum of $997,

for which sum the said Griffith had given to the plaintiff his note, payable November 1, 1879, and that said note remained wholly unpaid, except as to the sum of $114; and it makes all other allegations necessary to show the plaintiff's right to foreclose the mortgage against the said Susanah Bowles, for the amount due from Griffith to the plaintiff, and demands judgment of foreclosure and sale of the mortgaged property, and also judgment for any deficiency which may remain unpaid upon such foreclosure and sale, against S. N. Griffith, Susanah Bowles, *James A. Haskins* and Ruth A. Griffith. *Haskins* filed a separate demurrer, alleging that there is a misjoinder of actions, and that the complaint does not state any cause of action against him. The circuit court made an order sustaining the demurrer; and the plaintiff appeals from the order."

For the appellant there was a brief by *H. B. Eastman*, its attorney, with *Edward S. Bragg*, of counsel, and oral argument by *Mr. Bragg*.

For the respondent there was a brief by *Giffin & Williams*, and oral argument by *Mr. Williams*.

TAYLOR, J. We think the demurrer should have been overruled. Section 3156, R. S., amongst other things, provides that "in all such actions the plaintiff may in his complaint unite with his claim for a foreclosure and sale a demand for judgment for any deficiency which may remain due to the plaintiff after sale of the mortgaged premises, against every party who may be personally liable for the debt secured by the mortgage, whether the mortgagor or other persons, *if upon the same contract the mortgage is given to secure;* and judgment of foreclosure and sale, and also for any such deficiency remaining after applying the proceeds of sale to the amount adjudged to be due for principal, interest and costs, may in such case be rendered." The words above italicised are not found in chapter 243, Laws of 1862, nor in chapter 143, Laws of

1877, and were inserted by the revisors in the revision of 1878, and in some measure restrict the right to join parties to a foreclosure action, who are liable for the payment of the debt secured by the mortgage. The decisions heretofore made by this court under the law of 1862, may not, therefore, be conclusive in favor of the respondent in this case. See *Burdick v. Burdick*, 20 Wis., 348; *Bishop v. Douglass*, 25 Wis., 696; *Merchants' Nat. Bank v. Raymond*, 27 Wis., 567. But we are of the opinion that the facts in this case show that the appellant, *Haskins*, was personally liable for the debt secured by the mortgage given by his co-guarantor, Susanah Bowles; in the language of the statute, upon the same contract the mortgage was given to secure. If we treat the mortgage as given to secure the payment of the money which should become due to the plaintiff on his contract with S. N. Griffith, then the appellant stands in exactly the same relation to such contract as Susanah Bowles, the mortgagor; and if a judgment for a deficiency could go against her, then it can go against *Haskins*. But if there be any material difference, as is urged by the counsel for the respondent, between a condition in the mortgage to pay any sum which may be found due to the plaintiff on its contract with Griffith, and a condition to pay any sum which may be found due to the plaintiff on her contract of guaranty, the latter condition would make fully as strong a case in favor of the right to join *Haskins*, her co-guarantor. If the mortgage be given to secure any money to become due from the mortgagor upon her written guaranty above set out, then it would be very clear that *Haskins* might be joined as one personally liable for the payment of the debt secured by the mortgage, because, within the language of the statute, he is personally liable by reason of his guaranty for payment of such debt, and is also so liable upon the same contract of guaranty the mortgage is given to secure.

The contract of guaranty is a joint as well as several contract. See *Dart v. Sherwood*, 7 Wis., 523. There is no force,

therefore, in the suggestion that, because the mortgagor gave the mortgage to secure the performance of her separate contract of guaranty to the plaintiff, the liability of her co-guarantor was not a liability upon the same contract the mortgage was given to secure.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.