PALMETER, Executrix, etc., Respondent, vs. CAREY, imp., Appellant.

*May 5 — June 1, 1885.*

MORTGAGES: FORECLOSURE. *(1) Judgment for deficiency, against whom rendered. (2) Reformation: Immaterial omission. (3) Allowance of greater attorney's fee than stipulated. (4) Judgment in personam.*

1. Under sec. 3156, R. S., judgment for deficiency upon the foreclosure of a mortgage may go against a purchaser from the mortgagor, who, as a part of the purchase price, has assumed to pay the mortgage debt.

[2. Whether, where a mortgage given to secure a note of $1,000, recites a consideration of " one thousand," omitting the word *dollars,* and omits the same word in the description of the note secured, reformation of the instrument is necessary before foreclosure, *quære.*]

3. Where a mortgage contains a stipulation for the payment of a certain sum as attorney's fees upon foreclosure, the allowance of a greater sum is error.

[4. Whether a formal judgment *in personam* for the amount found due upon a mortgage, against the mortgagor and a purchaser who had assumed to pay the mortgage debt, may be treated merely as an assessment of the amount due, and not as a judgment, is not determined.]

APPEAL from the Circuit Court for *Green Lake* County.

On January 30, 1873, the defendant Horace Meriam executed to the plaintiff's intestate his promissory note of that date for $1,000, due one year after date, with ten per cent. interest. To secure the payment of such note, Meriam and his wife executed to the payee their mortgage of the same date on certain real estate in the city of Berlin. The consideration of said mortgage was stated therein to be " one thousand," — the word *dollars* being omitted therefrom. There was a like omission of the same word in the description of the note which the mortgage was given to secure. It also contains a stipulation for the payment of $25 solic-

itor's fees in case of foreclosure. The mortgage was duly recorded February 5, 1873.

October 14, 1873, Meriam and his wife conveyed the mortgaged premises to the defendant *Carey*. Such conveyance contains the following clause: " This indenture is given subject to all the incumbrances now on the above-described premises, with the interest thereon, which the said party of the second part assumes and agrees to pay." In a subsequent clause in this conveyance it is stated that all of said incumbrances are on record.

This action was brought to reform .the above mortgage by supplying therein the omitted word *dollars*, and to foreclose the mortgage. Judgment is prayed against the defendants Horace Meriam and *James Carey* for the amount of any deficiency that may remain after applying the proceeds of the sale of the mortgaged premises upon the debt secured by the mortgage.

The answer of the defendant *Carey* denies knowledge or information as to the alleged mistake in the mortgage, denies knowledge, when he took his conveyance from the Meriams, of the existence of the mortgage in suit, and denies liability for such deficiency. The testimony given on the trial is sufficiently stated in the opinion.

The court found the above facts, and certain other undisputed facts necessary to support the judgment. The findings upon the controverted facts in the case are as follows:

" 7. That it was part of the actual consideration of said transfer that the said defendant *James Carey* should pay all the incumbrances upon the property mentioned and described in said deed, including the note and mortgage referred to and described in the complaint, and that at the time of said transfer.the said *James Carey* knew 'of the existence of the note and mortgage referred to in the complaint, and of the amount due thereon; and that the payment of the said mortgage referred to in the complaint was

a part of the consideration of the purchase of said premises by the said defendant *James Carey* from the said Horace Meriam; and that said *James Carey* assumed and agreed to pay the same.

" 8. That after the making of said note and mortgage, and after the purchase of said property by the said defendant *James Carey*, the interest upon said note was paid by the said *James Carey;* that is to say, the interest on said note was paid to January 30, 1880, by said *James Carey*, and that no part of the interest thereon was paid by the said Horace Meriam."

Upon these findings judgment was duly entered reforming the mortgage by inserting the word *dollars* therein where the same was omitted, and for the foreclosure of the mortgage. The judgment contains an order that if the proceeds of the sale of the mortgaged property be insufficient to pay the mortgage debt and the costs, on confirmation of the sheriff's report of sale judgment be rendered against the defendants Meriam and *Carey* for the amount of such deficiency. The defendant *Carey* appeals from such judgment.

For the appellant there was a brief by *George D. Waring*, attorney, and *E. P. Smith*, of counsel, and the cause was argued orally by *J. M. Pereles*. To the point that the appellant can in no 'light be considered as liable upon the contract which the mortgage was given to secure, and is therefore not liable to judgment for deficiency under sec. 3156, R. S.; they cited *Fond du Lac Harrow Co. v. Haskins*, 51 Wis. 135; *Walton v. Goodnow*, 13 id. 661; *Borden v. Gilbert*, id. 670; *Dunkley v. Van Buren*, 3 Johns. Ch. 330; *Lockwood v. Benedict*, 3 Edw. Ch. 472; 2 Jones on Mortg. sec. 1710.

For the respondent there was a brief by *Finch & Barber*, attorneys, and *Henry Barber*, of counsel, and oral argument by *Mr. Henry Barber*. To the point that if one

person, for a valuable consideration and as a part of the purchase price of property, assumes an indebtedness due from the vendor to a third party, the third party, though not a party to the contract, can collect of the purchaser the money due upon the promise, they cited *Kimball v. Noyes,* 17 Wis. 695; *Cotterill v. Stevens,* 10 id. 422; *Bohanan v. Pope,* 42 Me. 93; *Burr v. Beers,* 24 N. Y. 178; *Lawrence v. Fox,* 20 id. 268; *Todd v. Tobey,* 29 Me. 220; *Cook v. Barrett,* 15 Wis. 596; *Breed v. Ketchum,* 51 id. 164; *Fond du Lac Harrow Co. v. Haskins,* id. 135; *Ketchum v. Breed,* 54 id. 131.

The following opinion was filed December 16, 1884:

LYON, J.   1. It may be stated at the outset that although there is conflict in the testimony upon some of the propositions of fact litigated on the trial, we think the testimony is sufficient to sustain all of the findings.   In respect to the matters contained in the seventh finding, quoted in the above statement of the case, they are fully supported by the testimony of the defendant Horace Meriam, and are controverted only by the testimony of the appellant.   The circuit judge believed the testimony of Meriam, and predicated the finding upon it.   His testimony was strongly corroborated by the fact, which does not seem to be disputed, that the appellant paid the interest on the note which the mortgage in suit was given to secure, for six years after he took his conveyance of the mortgaged property from the Meriams.   Whether the appellant knew of the existence of the mortgage when he took such conveyance, and whether he retained sufficient of the consideration he was to pay for the premises to discharge the mortgage debt, are the only questions litigated on the trial.   Under well-settled rules we cannot disturb the findings on those questions.

2. That the appellant is liable, under the stipulations of his deed of the mortgaged premises, for any portion of the

mortgage debt which may remain unpaid after the proper application of the proceeds of the sale of the mortgaged property, is indisputable. Assuming, for the purposes of the case, that under the general rules of equity he cannot be held therefor in this action, but only in an action at law to be brought against him alone after the deficiency is ascertained, the important question to be determined is whether he may be held therefor in this action under the statute. R. S. sec. 3156. The section is as follows: "In all such actions the plaintiff may, in his complaint, unite with his claim for a foreclosure and sale a demand for judgment for any deficiency which may remain due to the plaintiff after sale of the mortgaged premises, against every party who may be personally liable for the debt secured by the mortgage, whether the mortgagor or other persons, if upon the same contract which the mortgage is given to secure; and judgment of foreclosure and sale, and also for any such deficiency remaining after applying the proceeds of sale to the amount adjudged to be due for principal, interest, and costs, may, in such case, be rendered. Such judgment for deficiency shall be ordered in the original judgment, and separately rendered against the party liable, on or after the coming in and confirmation of the report of sale, and be docketed and enforced as in other cases."

Under this section judgment for deficiency may go in this action against the appellant, if he is personally liable for the debt secured by the mortgage upon the same contract which the mortgage was given to secure. The statute is purely remedial in its character. Its purpose is to avoid circuity of action by settling in the foreclosure suit all the rights of all the parties thereto, thus avoiding the necessity of another suit to enforce a contingent liability of one of such parties. Ordinarily a court of equity will do this without the aid of a statute, but in this particular case a statutory provision in aid of the general powers of the

court seems to have been thought necessary, or, at least, desirable. Such being the character of the statute, it must receive a liberal construction to advance the purposes for which it was enacted. So construing it, we cannot doubt that the appellant is within its provisions.

When the appellant assumed to pay the mortgage debt and kept back the amount thereof from the consideration which he agreed to pay for the mortgaged property, he became, as between himself and the mortgagor, the principal mortgage debtor, and the mortgagor was only his surety. *Boardman v. Larrabee*, 51 Conn. 39. The debt in this case was evidenced by the note for $1,000 given by Horace Meriam to the plaintiff's intestate, and his liability to Meriam was for the payment of that note. The note is the contract which the mortgage was given to secure. As between the appellant and the holder of the mortgage, the former is not a principal debtor on the note, but a surety for the payment thereof. As to him, however, the mortgaged property is the primary fund which must first be resorted to for the payment of the note. He is a surety for the mortgage debt upon sufficient consideration,— for, in contemplation of law, he has received from the debtor the money with which to pay it,— but he is so under circumstances which give him the right to insist that the primary fund shall be applied towards paying it before his liability shall be enforced. The statute does not require that the person held liable in the foreclosure action for a deficiency must be an original contractor of the mortgage debt. Doubtless one may become a party to it after the indebtedness has been incurred by the mortgagor;— as if he indorse or guaranty a note secured by mortgage after the execution of the mortgage. We think in such case it cannot be successfully maintained that such indorser or guarantor is not within the statute. We regard this case as the same in principle. Instead of indorsing or guarantying the note in

form, he makes a valid and binding promise to pay it,— contingent, however, upon the primary fund (the mortgaged property) proving insufficient. It is very much like a guaranty of the collection of a debt. The guarantor is a party, no doubt, to the contract of indebtedness, but his liability is contingent upon the inability of the creditor to enforce payment of the principal debtor.

An argument in support of the construction of the statute above indicated may be drawn from the original statute upon this subject. Ch. 243, Laws of 1862. That statute provides (sec. 3) as follows: "If the mortgaged debt be secured by the obligation or other evidence of debt executed by any other person besides the mortgagor, the plaintiff may make such person a party to the action, and the court may enter or render judgment for the balance of such debt remaining unsatisfied after a sale of the mortgaged premises, as well against such other person as against the mortgagor, and may enforce such judgment as in other cases." In *Bishop v. Douglass*, 25 Wis. 696, it was held that a defendant in a foreclosure action, who had accepted a conveyance of the mortgaged premises containing a clause by which he assumed and agreed to pay the mortgage debt, was within the act of 1862, and that personal judgment for a deficiency could properly be rendered against him in such action. There are other cases in this court which recognize the same doctrine.

Sec. 3156, R. S., is a combination of secs. 2 and 3, ch. 243, Laws of 1862, except that a proviso at the end of sec. 3, which does not affect this action, is omitted in the Revision. (See Revisers' notes.) Manifestly it was not the intention of the revisers, and presumably not of the legislature, to change the law as found in ch. 243. In *Fond du Lac Harrow Co. v. Haskins*, 51 Wis. 135, Mr. Justice TAYLOR intimates that possibly sec. 3156 has somewhat changed the law of 1862. If so, it was a change not contemplated

when the law of 1862 was rewritten, and we ought to confine it to the narrowest reasonable limits.

For the reasons above suggested we are of the opinion that the appellant has made himself personally liable for the debt secured by the mortgage, upon the contract which the mortgage was given to secure, and hence that judgment for deficiency (if there be a deficiency) may go against him in this action.

3. As to the omission of the word "dollars" from the mortgage, we think no person could be misled thereby, and the mortgage scarcely required reformation in that particular. But if it did, the evidence and findings show that a proper case was made for supplying the omission.

4. The mortgage contains a stipulation for the allowance of $25 solicitor's fees in case of a foreclosure thereof. The judgment allows $50 for solicitor's fees over and above taxable costs. This is error. The allowance must be limited by the stipulation in the mortgage, and hence the judgment directs payment to the plaintiff of $25 more than she is entitled to. For this error the judgment must be reversed.

5. After adjudging the amount due on the mortgage for principal and interest, and $50 solicitor's fees, amounting in all to $1,285.85, the court further adjudged that the plaintiff do have and recover that sum of the defendants, Horace Meriam and this appellant. This, in form, is a personal judgment against the appellant and Horace Meriam for the whole mortgage debt. After the order of sale, the judgment contains, however, the usual order for judgment for deficiency. It may be that, on the authority of *Boynton v. Sisson*, 56 Wis. 401, the formal judgment *in personam* for the whole mortgage debt should be treated merely as an assessment of the amount due on the mortgage, and not as a judgment. See, also, *Welp v. Gunther*, 48 Wis. 543. But, however this may be, the judgment is inaccurately drawn in that respect. Inasmuch as the judgment must be reversed

on another ground, we do not determine the effect of such inaccuracy. We merely suggest a correction of the judgment.

The judgment of the circuit court must be reversed, and the cause will be remanded with directions to that court to render judgment for the plaintiff as indicated in this opinion.

A rehearing of the cause was granted March 3, 1885; and on May 5, 1885, the cause was submitted for the appellant on the brief of *Geo. D. Waring*, attorney, and *E. P. Smith*, of counsel, and for the respondent on that of *Finch & Barber*.

The following opinion was filed June 1, 1885:

LYON, J. At the last term the judgment herein was reversed for the sole reason that the court allowed $50 for solicitor's fees, when the mortgage, which the action was brought to foreclose, provided for but $25.

A motion for a rehearing was made by the plaintiff, and in the argument in support of the motion it was claimed that only $25 solicitor's fees was awarded by the judgment. On a re-examination of the case we became satisfied that no other error had intervened, and the motion for a rehearing was granted, the argument thereof being confined to the question of the alleged allowance of an excessive amount for such fees.

On looking into the record we find that the paper from which the amount of $50 was obtained is merely a blank form of judgment entitled in the cause, and partly filled, but not dated or signed by the clerk or judge or filed in the circuit court, and not containing any description of the mortgaged premises. Of course, this paper is not a judgment, but a mere excrescence upon the record, yet it was treated in the former argument by both counsel as the judgment in the case, and the contrary was not known by us until after the cause had been decided.

There is, however, a judgment in the record, regular in all respects, which is undoubtedly the only judgment in the case, and it awards the plaintiff but $25 as solicitor's fees. This fact removes the only ground for disturbing the judgment, and it must therefore be affirmed.

*By the Court.*—Judgment affirmed.