Enos and another vs. Sanger and another.

For the respondents there was a brief by *Howard & Mallory*, and oral argument by *Samuel Howard* and *R. B. Mallory*.

Enos and another, Executors, Appellants, vs. SANGER and another, Respondents.

*April 8 — April 30, 1897.*

*Agreement to pay debt of third person as part of purchase price of land.*

Where the grantee in a conveyance has assumed and agreed to pay, as part of the purchase price of the premises, a debt owing to a third person, the latter may maintain an action on the agreement, although the grantor was not liable for the debt and no consideration passed to the grantee from such third person or his debtor.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

On the 29th day of April, 1893, *Casper M. Sanger* executed to plaintiffs a mortgage upon certain real estate to secure the payment of $22,500 at the times and with the interest therein provided for. On the 25th day of July, 1893, the mortgagor, by deed with full covenants except as to such mortgage, conveyed such real estate to Emil and Alfred T. Sanger. On the 19th day of August, 1893, the last-

named grantees, by a deed with full covenants except as to
the aforesaid mortgage, conveyed such real estate to the
*C. M. Sanger Sons Company.* Such deed contained a clause
in the usual form, to the effect that the grantee, *C. M. Sanger
Sons Company*, assumed and agreed to pay the said mort-
gage debt. Default was made in the payment of interest
accruing on such debt, and thereupon this action was brought
to foreclose such mortgage. The complaint contained the
usual prayer for relief to the effect that the decree should
provide for personal judgment against all parties personally
liable for the mortgage debt in case of a failure to realize a
sufficient sum from a sale of the property to satisfy such
debt, with interest and costs. All the facts were found as
above set forth. The trial court held that the *C. M. Sanger
Sons Company* was not personally liable for the mortgage
debt, and thereupon judgment was entered as prayed for in
the complaint, except in respect to providing for a deficiency
judgment against the *C. M. Sanger Sons Company.* Plaintiffs
thereupon appealed from that part of the judgment refusing
to provide for such a deficiency judgment.

For the appellants there was a brief by *Miller, Noyes,
Miller & Wahl*, and oral argument by *Geo. H. Wahl.*

*Charles F. Hunter*, of counsel, for the respondents, con-
tended, *inter alia*, that where the grantor is not personally
bound to pay the mortgage debt, his grantee does not be-
come bound by reason of having assumed the payment of
the mortgage debt in the deed. *Vrooman v. Turner*, 69 N. Y.
280; *Norwood v. De Hart*, 30 N. J. Eq. 412, 414; *King v.
Whitely*, 10 Paige, 465; *Trotter v. Hughes*, 12 N. Y. 74. The
property, according to all the evidence, was sold to Emil A.
and Alfred T. Sanger for $30,000, paid to the grantor by the
grantees. The mortgage of $22,500 was excepted from the
covenants of this conveyance. The grantees therein con-
veyed the property to the defendant company for $30,000
paid to them by said company, the receipt of which the

grantors acknowledged.   The deed was made with cove-
nants that the premises were free from incumbrances "except
a mortgage of $22,500 thereon, which grantee is to pay."
The grantors had no interest in the payment of the mort-
gage.   The deed does not state that the payment of the
mortgage is a part of the consideration for the conveyance,
and a fair construction of the terms of the instrument can-
not read into it such an intent.   The findings of the court
do not show that the promise of the *C. M. Sanger Sons Com-
pany* to pay the mortgage was a part of the consideration
for the conveyance.   The findings could not show this be-
cause the undisputed evidence contained in the deed showed
that the consideration had been fully paid.   This construc-
tion of the clause in question is supported by *Brown v. Still-
man,* 43 Minn. 126; *Nelson v. Rogers,* 47 id. 103; *Morris v.
Mix,* 4 Kan. App. 654.

MARSHALL, J.   The decisions of the various courts are by
no means uniform, either in respect to the binding effect of
a covenant by a grantee of land to pay the consideration
therefor to a third person, or the ground upon which the
obligation rests, if sustained.   It is useless to review and try
to harmonize the various adjudications.   In fact, it is diffi-
cult to find a line upon which they can be harmonized
respecting the ground of the liability.   In this state the lia-
bility rests upon the doctrine that where one person, for a
valuable consideration, engages with another to do some act
for the benefit of a third person, the latter may maintain an
action against the promisor for the breach of the agreement.
Such doctrine is the settled law in this state.   *Bassett v.
Hughes,* 43 Wis. 319; *Hoile v. Bailey,* 58 Wis. 434; *Grant
v. Diebold S. & L. Co.* 77 Wis. 72; *Kollock v. Parcher,* 52
Wis. 393, and many other cases that might be cited.   All
that is required to render such rule applicable is for the
obligor, for a sufficient consideration to support the promise,

to agree to do some act for the benefit of a third person. No question of subrogation or novation is involved. Such third person, whether sustaining any relation to the person with whom the agreement is made or not, or to the person from whom the consideration moves, may adopt such promise made for his benefit, and thereby bring himself into privity with the obligor, and enforce the promise. While the incidental effect of the execution of such promise is to discharge the debt of another to such third person, such promise is really to pay the debt of the promisor, to perform his own contract, entered into for a sufficient consideration to support it. *Kollock v. Parcher, supra; Hoile v. Bailey, supra.*

In *Bishop v. Douglass,* 25 Wis. 696, the liability of the grantee to pay the mortgage debt was placed on the ground that he received the conveyance subject to a condition, and thereby became bound to perform it, which, as applied to the facts of that case, is only another way of stating the rule before referred to. In *Palmeter v. Carey,* 63 Wis. 426, the liability was based on the same principle, though, as in *Bishop v. Douglass, supra,* the rule was not distinctly stated other than by saying that "the grantee became liable for payment of the mortgage debt by making a valid promise to pay it." In *Brewer v. Dyer,* 7 Cush. 337, the principle is stated in the language of Mr. Justice CRAIG as follows: "Thus, upon the principle of law long recognized and clearly established, where one person, for a valuable consideration, engages with another to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such agreement. It does not rest upon the ground of any actual or supposed relationship between the parties, as some of the earlier cases seem to indicate, but upon a broad and more satisfactory basis that the law, operating upon the acts of the parties, creates the debt, establishes the privity, and implies the promise and obligation on which the action is founded."

In most, if not all, jurisdictions where the liability of a grantee to pay a debt secured upon the property conveyed to him, because of ·his promise in the conveyance, is sustained on the ground stated, the fact of whether the grantor was liable for the debt or not is held immaterial. *Dean v. Walker*, 107 Ill. 540; *Bay v. Williams*, 112 Ill. 91; *Merriman v. Moore*, 90 Pa. St. 78; *Hare v. Murphy*, 45 Neb. 809.

From the foregoing authorities which more directly state the doctrine that has long prevailed in this state, applicable to this class of cases, than any case in our own court, and from the general principle upon which such cases rest, that has long been the settled law here, we deduce the following: Where a grantee, in the conveyance to him, assumes and agrees to pay the debt of a third person as part of the consideration for his purchase, there is no necessity for any consideration to pass from such third person or his creditor to such grantee to support such agreement; a portion of the consideration for the purchase being left in such grantee's hands, appropriated by the grantor to the payment of the debt which such grantee agrees to pay in consideration of the conveyance and of such appropriation of the purchase money, he cannot be heard to object to the performance of his contract because his grantor was not liable for such debt. When the grantor makes such an appropriation, and the grantee, for a sufficient consideration, promises to pay the amount so appropriated to the creditor of such third person, such grantee thereby becomes liable to such creditor; and such liability rests solely on such consideration and such promise.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

The general question of the right to sue upon a contract made between other parties for the benefit of the plaintiff is the subject of an extensive note to *Jefferson v. Asch* (53 Minn. 446), in 25 L. R. A. 257.— Rep.