Stites vs. Thompson and another.

STITES, Guardian, Appellant, vs. THOMPSON and another, Respondents.

*December 15, 1897 — January 11, 1898.*

*Pleading: Assumption of mortgage debt by grantees: Nature of liability.*

1. A complaint alleging that, as part of the consideration paid for mortgaged premises, the defendants, in the deed conveying the premises to them, expressly assumed and agreed to pay a portion of the mortgage debt, is *held* sufficient to charge the defendants with personal liability. Whether the defendants knew of and assented to that provision in the deed is a mere matter of proof, and therefore need not be pleaded.

2. A purchaser of mortgaged premises, who assumes and agrees to pay the mortgage debt as part of the consideration, is liable as a principal and not as a surety; and his liability may be enforced without foreclosure of the mortgage. *Pulmeter v. Carey*, 63 Wis. 426, limited and explained.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

The action is to recover the amount of one half of two promissory notes executed by one Henry O. Elsroad to the plaintiff, which were secured by a mortgage upon land. Elsroad sold a part of the lands which were subject to the mortgage to the defendants, who assumed and agreed to pay one half of the mortgage debt, as a part of the consideration to be paid by them for the land. The allegation of the complaint is that, " as part of the consideration and purchase price of said premises, . . . the said defendants *Thompson* and *Earhart*, in the deed conveying the said premises to them, expressly assumed and agreed to pay one half of . . . the said notes and mortgage." There is a demand for judgment for the amount of one half of the notes. There was a general demurrer, which was sustained, and the plaintiff appeals from a judgment dismissing the action with costs.

Stites vs. Thompson and another.

The cause was submitted for the appellant on the brief of *Michael S. Bright*, and for the respondents on that of *T. L. McIntosh.*

NEWMAN, J.   Two reasons are urged in support of the demurrer:  (1) That the complaint fails to allege that the respondents knew that a clause whereby they assumed and agreed to pay the mortgage was contained in the conveyance of the lands to them, and that they assented to it; and (2) that the respondents are not liable on the promise alleged, as principal debtors, but as sureties, only, for such deficiency as may remain after the application of the mortgaged premises to the payment of the mortgage debt.

1. It is not the office of a complaint to allege merely evidential facts.  Issuable facts only are to be alleged.  The issuable fact which constitutes the appellant's cause of action is that the respondents assumed one half of the mortgage debt, as a part of the consideration to be paid by them for the mortgaged premises.  It would be competent under such an allegation to show, in proof of the fact, either that the respondents had accepted a deed of the premises which contained a provision to that effect, or that they had promised orally to pay it.  *Bishop v. Douglass*, 25 Wis. 696; Jones, Mortgages, § 752; *Morgan v. South Milwaukee Lake View Co.* 97 Wis. 275.  It is enough to prove the substance of the issue.  It does no injury, if, in some detail merely, there is variance.  *McNally v. McAndrew, ante,* p. 62.  The fact to be alleged and proved is the assumption of the mortgage debt.  Whether the respondents knew of, and assented to, the provision in the deed, is a mere detail of the proof by which it shall be attempted to show that they assumed the mortgage debt.  The allegation is sufficient as matter of pleading.

2. Whether the respondents are liable as principal debtors, or only as sureties, is not doubtful on well-established prin-

ciples.   It is well settled by a long line of decisions, in this
state and elsewhere, that the person who engages with an-
other, on a sufficient consideration, to do some act for the
benefit of some third person, is liable to the latter in an ac-
tion for a breach of that engagement.   The rule is of general
application.   It applies equally to specialties and to simple-
contract engagements; to written and to oral promises.   *Bas-
sett v. Hughes,* 43 Wis. 319; *Houghton v. Milburn,* 54 Wis.
554; *Grant v. Diebold S. & L. Co.* 77 Wis. 72; *Larson v.
Cook,* 85 Wis. 564; *Enos v. Sanger,* 96 Wis. 150; *Morgan v.
South Milwaukee Lake View Co.* 97 Wis. 275.   The case where
the grantee of mortgaged premises assumes the mortgage
debt constitutes no exception to the rule.   His liability rests
on the rule, and is a logical consequence of the rule itself.
*Enos v. Sanger, supra.*   His liability is determined by the
terms of his undertaking.   If he takes the mortgaged prem-
ises simply subject to the mortgage debt, the premises are
the primary fund for its payment.   If he undertakes to pay
the debt, he is liable for it as for his own debt.   His under-
taking in that case is absolute, to pay the whole debt, not
limited to the payment of a contingent deficiency.   He takes
the place of the original debtor, and makes the debt his
own.   He is liable for it in the same manner and to the
same extent as the original debtor was liable for it.   His is
the primary liability.   As between himself and the orig-
inal debtor, he becomes the primary debtor, and the original
debtor becomes his surety.   He, the same as the original
debtor, is liable to a personal action for the recovery of the
debt, without foreclosure of the mortgage.   All this is the
plain, logical consequence of the rule itself.   Jones, Mort-
gages, §§ 758, 759, 762, and the cases cited; also, cases cited
in notes, *Boone v. Clark* (Ill. Sup.), 5 L. R. A. 279; *Gifford
v. Corrigan* (N. Y. App.), 6 L. R. A. 610; *Rice v. Sanders*
(Mass.), 8 L. R. A. 315; *Jefferson v. Asch* (Minn.), 25 L. R. A.
275; *Hare v. Murphy* (Neb.), 29 L. R. A. 851; 3 Am. & Eng.

Ency. of Law, cases cited in notes on page 866; 15 Am. & Eng. Ency. of Law, 832 *et seq.*, and cases cited. The respondents are liable in an action on their promise to pay the debt, the same as the original debtor would be.

*Palmeter v. Carey*, 63 Wis. 426, is cited as holding that the liability of the respondents is not primary, but as sureties, only, for a possible deficiency. And indeed some things are said in that opinion which seem to give countenance to that contention. But really no such question was involved or decided in that case. The question there related to the construction of sec. 3156, R. S. 1878. It was a question of practice, merely. It was whether, under that section, judgment for a deficiency in a foreclosure action could properly go against a purchaser of the mortgaged premises, who had assumed the payment of the mortgage debt as a part of the consideration of his purchase, or whether recovery against him must be by a separate action at law. It was not claimed, nor in issue, in that action, that the grantee of the mortgaged premises, who had assumed the mortgage debt, was liable otherwise than for a deficiency. That was all that the mortgagee claimed, and the grantee did not deny liability to that extent. He simply contested his liability to a judgment for a deficiency in the foreclosure action. His contention was that he could be made liable only in an action at law after the deficiency had been ascertained. The court deemed that the statute had been enacted to avoid the necessity of such circuity of action. The case did not call for a consideration of the question involved here. The court was not called upon to give careful or final consideration to a proposition which was neither affirmed by the respondent nor denied by the appellant. The decision is not in conflict with what is decided here. It is not authority beyond the point in issue and decided.

*By the Court.*— The judgment of the superior court of Douglas county is reversed, and the cause is remanded for further proceedings according to law.