FIRST TRUST COMPANY OF ST. PAUL, Trustee, Respondent, vs. CALUMET SILVER BLACK FOX RANCH, Appellant.

*December 8, 1932—January 10, 1933.*

For the appellant there was a brief by *Fox & Fox* of Chilton, and oral argument by *Leo P. Fox.*

*Helmuth F. Arps* of Chilton, for the respondent.

FRITZ, J. Plaintiff brought this action at law to recover $4,000 and interest from defendant on its promise to pay a note and mortgage for that amount in consideration of a reduction in the rate of interest, and the extension of the time of payment specified in the note. The note and mortgage had been given by defendant's predecessor in title to certain

Minnesota land, which was subject to the mortgage when purchased by defendant. Previously in defendant's contract for the purchase of the land, and again in the deed, which was subsequently delivered to defendant, it had also assumed and agreed to pay the indebtedness secured by that mortgage. No action to foreclose the mortgage had ever been commenced, and plaintiff was not seeking, and, of course, in this action pending in Wisconsin, could not have any such relief. Neither the original makers of the note nor the subsequent owners of the mortgaged premises were made parties to this action. Defendant contends that plaintiff cannot recover a money judgment in this action at law against the defendant alone, as but one of the five persons who may be personally liable for a deficiency judgment; and that no action at law against this defendant to recover a money judgment can be maintained until there has been a foreclosure of the mortgage in Minnesota, and a deficiency against the several persons liable therefor, after the application of the proceeds of a foreclosure sale in discharge of the mortgage indebtedness. Plaintiff recovered judgment in this action for the full amount due on the note for principal and interest, and defendant appealed.

When defendant accepted the deed and assumed the payment of the mortgage indebtedness, it became primarily liable as the principal debtor. *Stites v. Thompson,* 98 Wis. 329, 73 N. W. 774; *Fanning v. Murphy,* 126 Wis. 538, 105 N. W. 1056; *Lichtstern v. Forehand,* 181 Wis. 216, 227, 194 N. W. 421; *Hamill v. Kuchler,* 203 Wis. 414, 421, 232 N. W. 877, 234 N. W. 879. Although in a foreclosure action a personal judgment for the debt is not authorized until judgment can be entered, after a foreclosure sale for such deficiency as remains, upon applying the proceeds of the sale of the mortgaged premises to the debt and costs (*Marling v. Maynard,* 129 Wis. 580, 589, 109 N. W. 537,

and cases there cited), it is established in this state that an action at law, in which the only relief sought is a personal judgment against a debtor, who is primarily liable as a principal for the amount of the debt, can be maintained and prosecuted to judgment without any foreclosure of the mortgage or determination as to whether there will or may be such a deficiency.

Thus in *Stites v. Thompson, supra,* this court said, in relation to one who, like the defendant in the case at bar, had assumed to pay a debt secured by a mortgage, which constituted a lien on land at the time he purchased it:

"If he undertakes to pay the debt, he is liable for it as for his own debt. His undertaking in that case is absolute, to pay the whole debt, not limited to the payment of a contingent deficiency. He takes the place of the original debtor, and makes the debt his own. He is liable for it in the same manner and to the same extent as the original debtor was liable for it. His is the primary liability. As between himself and the original debtor, he becomes the primary debtor, and the original debtor becomes his surety. He, the same as the original debtor, is liable to a personal action for the recovery of the debt, without foreclosure of the mortgage. All this is the plain, logical consequence of the rule itself."

In connection with that statement the decision in *Palmeter v. Carey,* 63 Wis. 426, 21 N. W. 793, 23 N. W. 586, is discussed and held not to be in conflict with the rules as stated in the *Stites Case.*

*By the Court.*—Judgment affirmed.