WASHINGTON HOMES ASSOCIATION, Respondent, vs. WANECEK, Appellant.

*April 13—May 11, 1948.*

486

*Joseph A. Blatecky* of Milwaukee, for the appellant.
*Harvey A. Malig* of Milwaukee, for the respondent.

FRITZ, J.   As there is no dispute in relation to the facts involved herein, the resulting issues are solely as to the legal effect of said facts.   Three lots were conveyed to Wanecek by a deed dated December 17, 1940, from the Washington Highlands Company (hereinafter called "Company") which prior to May, 1919, had platted a tract of land in Milwaukee county as a subdivision designated as Washington Highlands, and in which the three lots were located.   In relation to them there were no preliminary negotiations directly between the Company and Wanecek.   He had loaned money to E. C. Pommerening, who purchased those lots and other lots in the subdivision on a land contract from the Company; and in repayment of that loan Pommerening directed the Company's officers to convey the three lots to Wanecek by the deed dated December 17, 1940, who accepted and duly recorded the deed

on December 20, 1940, in the office of the register of deeds for Milwaukee county (hereinafter called the "register's office"). In that office the Company, as owner of said platted land, had recorded on May 7, 1919, in connection with the plat thereof, a written declaration executed by the Company and recorded in Vol. 803 of Deeds, p. 205, in which the Company declared that,—

"All property in Washington Highlands . . . shall be subject to an annual charge or assessment of not to exceed five mills ($.005) per square foot of area. The number of square feet of every lot or plot for the purpose of assessment is to be determined by the *Washington Homes Association,* such determination to be final.

"Washington Highlands Company hereby expressly *delegates* to Washington Homes Association the sole authority to fix the rate per square foot of such charges or assessments subject to the aforesaid limitations as to the amount thereof, and to expend for the purposes hereinafter specified the money paid in on such charges or assessments.

"Said annual charge or assessment shall be determined and fixed during December of each year for the ensuing year by Washington Homes Association. . . .

"The right to collect and enforce the collection of such charges or assessments is hereby retained by Washington Highlands Company, until said right is transferred by it to Washington Homes Association. Such charges or assessments shall be paid annually in advance to Washington Highlands Company on the thirty-first day of December in each and every year, on which date such charge or assessment for the ensuing year shall become a lien upon the land and so continue until fully paid.

"And the purchasers of portions of said property by the acceptance of deeds therefor . . . or by the signing of contracts or agreements to purchase the same, shall become personally obligated to pay such charges or assessments upon the portion or portions of said property purchased or agreed to be purchased by them and shall thereby vest in Washington Highlands Company, or its assigns, the right and power to bring all actions for the collection of such charges and assessments and

the enforcement of such liens. And such right and power shall continue in Washington Highlands Company and its assigns, and such obligations shall run with the land, so that the successive owners and owners of record of any portion of said property, and the holder or holders of contracts or agreements for the purchase thereof, shall in turn become liable to pay all such charges or assessments which shall become a lien thereon during their ownership thereof."

And said instrument further provided:

"Washington Highlands Company hereby covenants and agrees with each person who shall become a purchaser of a building site in Washington Highlands that each and every conveyance of a building site in Washington Highlands, and each and every contract for the sale thereof, executed by said Washington Highlands Company shall contain an appropriate reference to the foregoing restrictions, protections, covenants, charges and conditions and shall contain a condition or proviso in substantially the following form;

" 'Provided always and these presents are upon the express condition that this conveyance is made and accepted subject to all the restrictions, protections, easements, covenants, conditions, charges and provisos contained in a declaration made by Washington Highlands Company, recorded in the office of the Register of Deeds of Milwaukee county, Wisconsin, in Volume 803 of Deeds, on page 205; . . .' "

In accordance with said recorded declaration and proviso, all provisions and conditions therein were incorporated by the express reference thereto and the statement of said proviso in the Company's deed dated December 17, 1940, conveying said lots to Wanecek, which he then accepted and duly recorded on December 20, 1940.

Wanecek contends that (1) because there were no preliminary negotiations directly between him and the Company as grantor by the deed conveying the lots to him, and it was executed by the grantor only and was therefore in the nature of a deed poll, and (2) because he conveyed his interest in the lots on or before December 31, 1941, of the ensuing year, he did

not, by his *acceptance* of the deed from the Company, become personally liable,—by virtue of the above-stated provisions in the Company's recorded declaration,—for the payment of the assessment in question to the Washington Homes Association (hereinafter called the "Association"), as the Company's assignee of the sums assessed to be paid under that declaration. Wanecek's contentions cannot be sustained.

By the express reference and statement in the deed accepted by Wanecek that "these presents are upon the express condition that this conveyance is made and accepted subject to all the . . . covenants, conditions, *charges* and provisos contained in" said declaration, there became part and parcel thereof (*Darling & Co. v. Frank Carter Co.* 208 Wis. 222, 228, 242 N. W. 519) all provisions in the recorded declaration in relation to the Company's transfer and delegation to the Association of the Company's right and authority to determine, fix, and annually impose and enforce the payment of the assessments in question as the personal obligations of each owner,—such as the defendant,—by reason of his *acceptance* of the deed and ownership thereunder of said lots in December, 1940, at the time of said assessment.   As stated in 16 Am. Jur., Deeds, p. 525, sec. 154,—

"In the determination of whether there has been an acceptance of a deed on the grantee's part. . . . Express words and positive acts are not necessary; intention to accept may be inferred from such conduct as retaining possession of the deed, conveying or mortgaging the property, or otherwise exercising the rights of an owner."   *Goul v. Day,* 94 U. S. 405, 24 L. Ed. 232; *Benton Land Co. v. Zeitler,* 182 Mo. 251, 81 S. W. 193, 70 L. R. A. 94; *Blackwell v. Blackwell,* 196 Mass. 186, 81 N. E. 910, 12 Ann. Cas. 1070.

Under the above-stated facts and circumstances the nature of the resulting status between the Association and Wanecek is not analogous, as he contends, to that which exists between the holder of a mortgage on land and a purchaser and grantee

thereof without any provision in the deed to him, or elsewhere, as to personal liability on his part for the mortgage indebtedness. On the contrary, by virtue of the Company's recorded declaration and the specific reference thereto in the deed conveying the lots to Wanecek, and his acceptance of that deed and consequent ownership of the lots in December, 1940, he became personally obligated to pay the assessment in question. Under these circumstances, the legal consequences are the same as in a case where in a deed poll land is stated to be subject to a mortgage, and there are the additional words, "which mortgage the grantee assumes and agrees to pay," or words of similar import. Then there arises and exists a personal obligation on the part of the grantee to pay the mortgage indebtedness, for which an action at law may be maintained against him without the need of any other writing or signature or seal of the grantee. *First Trust Co. v. Calumet S. B. Fox Ranch,* 210 Wis. 278, 246 N. W. 331; *Barkhausen v. Chicago, M. & St. P. R. Co.* 142 Wis. 292, 297, 124 N. W. 649, 125 N. W. 680; *Stites v. Thompson,* 98 Wis. 329, 73 N. W. 774; *Bishop v. Douglass,* 25 Wis. 696, 699; Restatement, 5 Property, p. 3202, sec. 532, Comment *c*; p. 3169, sec. 522, Comment *e*; 21 C. J. S., Covenants, p. 887, sec. 8.

*By the Court.*—Judgment affirmed.