HENRIETTA R. GLENN, WILLIAM W. GLENN AND JOHN GLENN, EXECUTORS OF JOHN GLENN, DECEASED, *vs.* THOMAS Y. CANBY.

REAL AND PERSONAL COVENANTS: COVENANT TO PAY MORTGAGE DEBT.—A borrowed money of B to be expended in erecting houses upon certain land, and executed to B a mortgage of the land by which he covenanted for himself, his representatives *and assigns* to pay the mortgage debt; and it was expressly declared in the mortgage that this, with certain other covenants, *should run with the land.* In an action upon this covenant to pay the mortgage debt, brought against an assignee of the mortgagor, HELD :

That the said covenant was not a covenant running with the land, and did not bind the assignee.

APPEAL from the Superior Court of Baltimore City.

The facts of this case are stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN, and WEISEL, J.

*S. Teackle Wallis* for the appellant argued :

1st. That the covenant to pay the money to be advanced under the mortgage, was one which, under the circumstances, and looking to the peculiar character of the transaction, bound the assignee.

The whole transaction was, in fact, a building contract, in which, although the mortgagees were not the lessors, the lease was, as the mortgage shows, procured in contemplation of the loan of the mortgage money, and under and with a view to the execution and covenants of the mortgage, and to secure the erection of the buildings provided for. The money paid was therefore not merely loaned on the land, but for a purpose connected with and attached to the land, and involved in its improvement. The covenant, as a consequence, was expressly fixed on the *"assigns,"* as a

condition of the loan, the power to sell was specifically limited, not only by being made subject to the "other terms and conditions" set forth in that instrument, but "subject to the payment of said loan and advance," in terms.

Canby, it is argued, took with full notice of all these terms and conditions, and subject to them. He bought before the period had expired for the completion of the houses, and while the advances were still running on the whole premises. He cannot claim the position of an ordinary assignee, taking a term of years subject to an ordinary mortgage, for the mortgage itself was notice to him that it was of an unusual character, and clogged with conditions not only restricting the assignment of the leasehold interest, as to time, but making the assignee subject to the payment of the advances provided for. He therefore assumed the interest which he acquired, with the liability annexed, as part of his contract, and took a special warranty to protect himself. *Platt on Covenants,* 471 *to* 475, 480, (3 *Law Lib.*, 210, 214.) 1 *Smith's Leading Cases,* 102, 109, 157, 158, 159, 160. *Cougleton vs. Pattison,* 10 *East.,* 137. 2 *Sugden's Vend. & Pur.,* 471, 483. *Harris vs. Goslin,* 3 *Harrington,* 338. *Norman vs. Wells,* 17 *Wend.,* 148, 149. *Balby vs. Wells,* 3 *Wilson,* 27. *Thomas vs. Von Kapff,* 6 *G. & J.,* 372.

2nd. That under the demurrer in this case the defendant confesses the averment of the 7th count of the narr., to the effect, that he "*accepted*" the assignment of the term, subject to the covenants of the lease. He is bound by that admission, which is conclusive.

In reply to the third point of the brief of the appellee, the following cases were cited : *Tillitson vs. Boyd,* 4 *Sand.,* 517, 522. *Jarel vs. Jarel,* 7 *Paige,* 595. *Stebbins vs. Hall,* 29 *Barb.,* 524. *Murray vs. Smith,* 1 *Duer,* 427.

For the proper form of declaration the appellant's counsel referred to 1 Code p. 512, form No. 21.

It was further argued in reply, that if privity between the mortgagee and assignee of the equity of redemption is necessary, the covenants for payment of rent, insurance and taxes, establish privity. In support of this proposition, see cases cited under the appellant's 1st point.

*Henry G. Garey* for the appellee.

1st. There is no privity between the mortgagee and the assignee of the mortgagor, by reason whereof the covenant of the mortgagor to pay the mortgage debt can run with the land, for the benefit of the mortgagee. 1 *Hillyard on Real property*, 429, ch. 32, sec. 1. *Dougherty vs. McColgan*, 6 *G. & J.*, 285. *Jameson vs. Bruce*, 6 *G. & J.*, 74. *Howard vs. Ramsey*, 7 *H. & J.*, 122. *Jackson vs. Fuller*, 4 *Johns*, 215.

2nd. The covenant in the mortgage to pay the mortgage debt, is merely a *personal covenant*, and cannot bind the assignee of the equity of redemption, although expressly named. 1 *Smith's Leading Cases*, 75, *Spencer's case, m. p.* 23, 24. *Canham vs. Rust*, 4 *Eng. C. L. Rep.*, 80. *Burton vs. State*, 3 *Gill*, 12. *Flight vs. Gossop*, 2 *Bingham's New Cases*, 125, (29 *Eng. C. L. Rep.*, 279.)

3rd. The acceptance of a deed from the mortgagor, of the equity of redemption, will not bind the vendee to pay the mortgage debt, even when he takes the property " subject to the mortgage," *a fortiori*, when the mortgage is not mentioned in the deed, and the purchaser does not assume the payment of the incumbrance. *Butler vs. Butler*, 5 *Vesey*, 535. *Cumberland vs. Codington*, 3 *Johnson's Ch.*, 262, 264, 272. *Dorr vs. Peters*, 3 *Edward's Ch.*, 132. *King vs. Whiteley*, 1 *Hoffman's Ch.*, 477.

4th. The absurdity and inconvenience of allowing such covenants to run with the land and bind the assignee, are

9     v. 24.

fully set forth by Lord Chancellor Brougham, in *Keppel* *vs. Bailey,* 2 *Mylne & Keene,* 517, (8 *Eng. Cond. Ch. Rep.,* 120.)

COCHRAN, J., delivered the opinion of this Court.

The demurrer in this case presents the question whether a covenant of a mortgagor, for himself, his representatives, and assigns, to pay a mortgage debt, binds the assignee of the mortgaged property ; or in other words, whether by force of the term *assigns,* such a covenant runs with the land.

The mortgage exhibited here, shows that the debt secured was a loan made to enable the mortgagor to improve the property described in the mortgage ; it also contains a clause declaring that the covenant to pay the debt, with others, relating to insurance and taxes, should run with the land ; and it was insisted, on these grounds, that the covenant in question, should be held to bind the appellee, to whom the property was subsequently assigned by the mortgagor. We have concluded, however, that these considerations have no immediate bearing on the point to be decided. The legal operation and effect of the covenant, in that particular, must be determined by its subject matter, and not by the terms in which it is expressed. The established doctrine is, that a covenant to run with the land must extend to the land, so that the thing required to be done will affect the quality, value, or mode of enjoying the estate conveyed, and thus constitute a condition annexed, or appurtenant to it ; there must also be a privity of estate between the contracting parties, and the covenant must be consistent with the estate to which it adheres, and of such a character that the estate will not be defeated or changed by a performance of it. If, however, on the other hand, the covenant does not extend to, nor affect the quality, value or mode of enjoying the land conveyed, and is

merely collateral to it, or is of such a character that a performance of it will defeat the estate of the party claiming the performance, then it does not run with the land, nor bind the assignee of the covenantor, though he be expressly included by the general term *assigns*. *Spencer vs. Clark*, 1 *Smith's Lead. Ca.* 115, 2 *Sug. on Vend.*, 178. *Platt on Cov.*, 3 *Law Lib.*, 205, 215, 3 *Term, R.*, 393, 8 *East*, 487, 10 *East*, 130.

Tested by these general principles, this is clearly a personal, and not a real covenant. It is for the payment of a debt of the mortgagor—a liability, personal in its nature, that neither relates to, nor affects the quality, condition or value of the land, and the performance of it would at once divest the covenantees of their interest in it. The fact that the debt was contracted for the purpose of improving the property, does not enlarge the operation, nor change the character of the covenant, and as its performance will not affect the land, we conclude that the appellee is not bound by it, and that the demurrer was properly sustained.

*Judgment affirmed.*

(Decided March 2nd, 1866.)