## HOLLISTER v. STRAHON.

A grantee of mortgaged property assuming a mortgage by a clause in a deed becomes a simple contract debtor only, and is not bound as by a covenant under seal; and hence his liability is within the six-year statute of limitations.

A grantee of mortgaged property who has assumed the mortgage debt by a clause in the deed is not liable in an action of covenant, but only in assumpsit.

(Opinion filed, Sept. 3, 1909.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by F. H. Hollister against J. G. Strahon, impleaded with others. Judgment in favor of defendant Strahon, and plaintiff appeals. Affirmed.

*S. H. Wright,* for appellant. *Muller & Conway,* for respondent.

CORSON, J. This case is before us upon appeal by the plaintiff from a judgment dismissing his complaint. The action was instituted by the plaintiff to foreclose a $200 mortgage and to recover of the defendant Strahon the sum secured by said mortgage, with interest thereon at the rate of 12 per cent. per annum from the 17th day of February, 1894. It is disclosed by the record that on the 17th day of February, 1890, two of the defendants, Rasmus K. Hafsaas and Jennie Hafsaas, impleaded with the respondent, executed to the plaintiff their promissory note for the sum of $200, with interest at the rate of 12 per cent. per annum, and secured the same by a mortgage executed by them on certain lots in the city of Sioux Falls. The note was made payable one year from its date, and no part of the principal has been paid, and no part of the interest since February 17, 1894, has been paid. It is further disclosed by the record that on the 19th day of March, 1890, said Hafsaas conveyed the property to the defendant and respondent Strahon under seal, and that said deed contained the usual covenants of warranty, "except two certain mortgages for

$1,000 and $200.00, which said second party (Strahon) hereby assumes and agrees to pay together with a $60.00 commission mortgage of said $1,000 mortgage loan." It is upon this clause in the deed from Hafsaas to Strahon that plaintiff seeks to recover from the said Strahon the $200 and interest alleged to be due on plaintiff's notes secured by his said mortgage; the property having been sold and not redeemed under the $1,000 mortgage. It further appears from the findings of the court that this action was not commenced until more than 10 years after the last payment of interest on the said $200 note on February 17, 1894. The facts are fully stated in the complaint, and the respondent by his answer pleaded inter alia the six-year statute of limitations in bar of the action.

It will be observed, therefore, that the note and mortgage executed by Hafsaas to the plaintiff were executed in February, 1890; that Hafsaas conveyed the mortgaged property in March, 1890, to the appellant, who assumed the payment of the note, together with the $1,000 note and mortgage and the $60 mortgage. The case was tried to the court, who found the facts substantially as above stated, and among other conclusions of the court are the following: "That more than 10 years have elapsed since the making of said deed by the defendant Rasmus K. Hafsaas and wife to the defendant J. G. Strahon prior to the commencement of this action, and that this action against the said defendant J. G. Strahon is barred by the statute of limitations." · The only question presented is: Did the court err in its conclusion of law that plaintiff's action was barred by the six-year statute of limitations?

It is contended by the appellant that as the original mortgage from Hafsaas to the plaintiff was a sealed instrument, and the deed from Hafsaas to Strahon was also a sealed instrument, the six-year statute of limitations is not applicable to the case, and that the statute of limitations as to the respondent Strahon who assumed the payment of the amount due on the note and mortgage is the 20-year statute applicable to sealed instruments. The learned circuit court in adopting the view that plaintiff's claim was barred by the six-year statute of limitations was clearly right. It will be noticed that the respondent Strahon was not a party to the original mortgage executed by Hafsaas to the appellant, nor did

he sign the deed executed by Hafsaas to himself. By accepting the deed with the clause assuming the mortgages therein, he became liable to the plaintiff for payment of the sum specified in the notes and mortgages assumed by him as a simple debtor only, and the same could only be recovered of him by the plaintiff in an ordinary action of assumpsit. It seems to be generally held that a party assuming the payment of an existing indebtedness by the acceptance of a conveyance made to him does not become liable in an action of covenant, as that action can only be maintained against a party who has himself executed the instrument under seal. Pike v. Brown, 7 Cush. (Mass.) 133; Maule v. Weaver, 7 Pa. 329; Bishop v. Douglass, 25 Wis. 696; Taylor v. Forbes, 101 Va. 658, 44 S. E. 88; Atlanta K. & N. Railway Co. v. McKinney, 124 Ga. 929, 53 S. E. 701, 6 L. R. A. 436. And it has been further held that, inasmuch as the action of covenant would not lie under the old common?-law system, an action of debt or assumpsit could only be maintained, and therefore the statute of limitations applicable to ordinary debts was to be enforced. In Bishop v. Douglas, supra, the learned Supreme Court of Wisconsin held as appears by the headnote that: "The conveyance not being signed and sealed by such grantee, his obligation to pay the mortgage debt is one of simple contract only within the meaning of the statute of limitations." And, as that case is directly in point, we feel justified in quoting the material part of the opinion, in which the court says: "And we think the weight of authority and the result of the argument upon principle concur in holding that it is but a simple contract. It is so for the reason that the party has nowhere bound himself under seal. The seals of the grantors in the deed to him are not his seals. The instrument does not profess to bind him under seal. True, it contains a clause that he assumes and promises to pay the mortgage debt; but it does not contemplate that he is to become bound by that promise by signing and sealing the instrument, but only by accepting it and the benefit under it. It is therefore a mere promise which acquires its binding force by acts in pais without any signature or sealing whatever. And it seems impossible upon such facts to say that the party has promised under seal." The court after commenting upon certain

authorities cited by counsel for the appellant concludes: "We think the personal liability of the appellants to pay the mortgage debt upon the facts stated in the complaint arose only out of a simple contract; and, this being so, it was conceded that all claim against them for any deficiency was barred by the statute." In Taylor v. Forbes, supra, the Supreme Court of Appeals of Virginia held that: "An agreement by the grantee in a deed to assume an outstanding debt is a simple contract, and not a specialty, and is barred in three years." And in the case the court quotes with approval the following from volume 3, pp. 362-3, of a work of Mr. Conway Robinson upon Common-Law Pleading and Practice, who, after a review of the early English cases, says: "Covenant, then, will lie only where the instrument is actually signed and sealed by the party, or by his authority." In Pike v. Brown, supra, the Supreme Court of Massachusetts, speaking by Chief Justice Shaw, says: "The principle is well settled that where one by deed poll grants land, and conveys any right, title, or interest in real estate to another, and where there is any money to be paid by the grantee to the grantor, or any other debt or duty to be performed by the grantee to the grantor, or for his use and benefit, and the grantee accepts the deed and enters on the estate, the grantee becomes bound to make such payment, or perform such duty, and, not having sealed the instrument, he is not bound by it as a deed; but, it being a duty, the law implies a promise to do it, upon which promise, in case of failure, assumpsit will lie." It is quite clear, therefore, that the respondent was entitled to the benefit of the six-year statute of limitations.

The judgment of the circuit court and order denying a new trial are affirmed.