HILL, Appellant, v. CITY OF HURON, Respondent.

(145 N. W. 570.)

1. **Party Wall—Title of Non-builder—When Title Passes—Payment for.**

Where adjoining landowners agreed on the construction, by one of them, of a party wall resting partly on the land of one and partly on that of the other, **held,** that the non-builder acquires title to that part of the wall resting on his land as soon as, under the terms of the contract, he becomes liable to pay the agreed consideration for such interest, unless payment for such interest is, by the clear terms of the contract, made a condition precedent to vesting of title in the non-builder. **Held,** further, that, regardless of the time when the non-builder becomes liable for such consideration, the title vests in him when, under the contract, he assumes any responsibility in relation to the wall; that in the case at bar, such title vested when respondent made use of the wall in the construction of its building upon it lot, formerly owned by the non-builder under the contract in question.

2. **Party Wall—Title of Non-builder—Payment as Related to Title—Use of Wall.**

Where, under a contract between adjoining landowners for construction, by one of them, of a party wall on the boundary line, the non-building party has the right to use the wall as a party wall, he to become liable, whenever he did so, for one half the estimated cost of building so much of the wall and stone foundation as should be used, and should be jointly liable for its repairs, **held,** that the grantee of the non-builder, upon erecting a building and using the wall, acquires title to one-half of the wall, regardless of his liability for payment; the provision for payment being, not a condition precedent to, but a condition concurrent with, the use.

3. **Same—Quieting Title—Recovery of Rents—Right of Action by Grantee of Contracting Party—Covenant Running With Land.**

Plaintiff's grantor constructed a party wall under an

agreement that, when it should be used by adjoining land-
holder, the builder thereof should receive certain compensa-
tion.   Before the conveyance to plaintiff, the wall was used
by adjoining landowner's grantee.   Thereafter plaintiff's grantor
conveyed the property to her by warranty deed containing an
exception that it was subject to, and that grantee was en-
titled to the benefit of, "any party wall contract."   **Held,** that
the right of action of plaintiff's grantor to recover, under the
wall contract, a proportionate share for building the wall, did
not pass to plaintiff as a covenant running with the land, and
hence plaintiff had no cause of action to recover for use of
the wall, the language of the exception in said deed not con-
stituting an assignment of the claim vested in the builder of
the wall, and the deed merely conveying the land burdened
with a party wall easement in favor of the adjoining lot, and
possessed of a similar easement against such adjoining lot.

4.  **Appeal—Error—Review—Settlement of Record Below—Jurisdic-
tion of Supreme Court.**

The settlement of the record by trial court, in which pro-
ceeding appellant was ordered to procure further transcripts
as part of record, is a matter over which the Supreme Court
has no jurisdiction, unless it be upon appeal from taxation by
trial court of costs of procuring such transcripts.

(Opinion filed February 18, 1914.)

Appeal from Circuit Court, Beadle County.   Hon. JOSEPH
H. BOTTUM, Judge.

Action by May H. Hill against the City of Huron, to
quiet title to a party wall, etc., and to recover rentals for use
of same, etc.   From a judgment for defendant, and from an
order denying a new trial, plaintiff appeals.   Affirmed.

*A. W. Wilmarth,* for Appellant.

A stipulation in a party wall contract, providing therein
that the contract shall be a covenant running with the land
passes to the grantees of each lot owner, adjoining the party
wall.   McChesney, Adm. v. Davis, 86 Ill. App. 380;
Southworth v. Perring, (Kan.) 2 L. R. A. (N. S.) 87; Loyal
Mystic Legion v. Jones, (Neb.) 102 N. W. 621; Thompson v.
Curtiss, 28 Ia. 232; Mott v. Oppenheim, (N. Y.) 17 L. R. A.
at 412; Richardson v. Tobey, 121 Mass. 459; Ferguson v.
Worrall, 9 L. R. A. (N. S.) 1261, 101 S. W. 966.

A covenant runs with the land when either the liability
to perform it or the right to take advantage of it passes to the

assignee of the land. Savage v. Mason, supra; National Life Insurance Co. v. Lee, (Minn.) 77 N. W. 795; Burr v. Lamaster, (Neb.) 46 Neb. 1015; Roach v. Ullman, 104 Ill. 11; Keating v. Koefhage, 88 Mo. 524; Kind v. Wright, 155 Mass. 444, 29 N. E. 644; Vol. 22, Second Ed. A. E. Ency. of L., page 255; Vol. 30 Cyc. 794.

The title, in a party wall constructed under a party wall contract, does not pass from the builder to the adjacent property owner after being used by him, until it is paid for. Vol. 30 Cyc. 787-8-9, 791-2; Vol. 22, 2nd Ed., A. E. Ency. of L., p. 250; Southworth v. Perring, (Kan.) 2 L. R. A. (N. S.) at 89; Mickel v. York, 175 Ill. 562, 51 N. E. 849; First Natl. Bank v. Security Bank, (Minn.) 63 N. W. at 265; Glover v. Miersman, 4th Mo. App. 93; Graham v. Gross, 117 Mass. 442, 28 Am. Rpt. 224; Berry v. Godfrey, (Mass.) 16 L. R. A. (N. S.) 435; Florence v. Marllot, 22 La. Ann. 114.

One who purchases a lot with notice of a party wall agreement is bound by his grantor's agreement to pay one-half of the cost of the wall when used by him. Sharpe v. Cheatham, 88 Mo. 498, 57 Am. St. Rpts. 433, 30 Cyc. 795 and cases cited 794; Parker v. Nightengale, 6 Atl. (Mass.) 341; Wickersham v. Orr, 9 Ia. 259; Burr v. Laman, (Neb.) 46 N. W. 1015; Mott v. Oppenheim, 135 N. Y. 312, 17 L. R. A. 409; McChesney v. Dorr, 86 Ill. App. 380.

Respondent, by using said party wall, became a trespasser upon appellant's hights. 3 Blackstone's Com. 209, 210; 4 Kent's Com. 120; 28 Am. and Eng. Ency. of Law, page 552; 38 Cyc. 995.

The warranty deed to the plaintiff, from the owner, William E. Hills, did assign to plaintiff any right of action which the said William E. Hills had under and by virtue of this contract, and it was error to make the second conclusion of law.

## IN REPLY.

If the title to this wall is not in the respondent, it is in the appellant, and if the appellant is not entitled to maintain this action to quiet title in her, she would be entitled to an action for rent for use and occupation of this wall, and the court therefore erred in quieting the title in the respondent.

*Gardner & Churchill,* for Respondent.

The transfer of lot 10 to plaintiff did not vest in her any cause of action on account of alleged breach of covenant in the party wall contract. Civil Code, Secs. 287, 1142; Code Civil Proc. Sec. 80; 8 Am. Eng. Enc. of Law 156; 11 Cyc., 1097; Simons v. Diamond Match Co. (Mich.) 123 N. W. 1132; Kindred v. Union Pac. 225 U. S. 785; 56 L. Ed. 1216; Roberts v. N. P. R. R. Co. 158 U. S. 1; L. Ed. 836; Peden v. R. R. Co. (Iowa) 35 N. W. 424; Blodgett v. McMurtry, (Neb.) 74 N. W. 392; Wesco v. Kern, (Oregon) 59 Pacific 548; Davidson v. Cox, 4 N. W. 1035.

Covenants may run with the land, but damages arising from broken covenants do not; nor do they inure to subsequent grantees of the title. He in whose time the covenant is broken, whether the grantee or one who claims and holds under him, is the proper person to bring an action for a breach of covenant. 8 Am. and Eng. Enc. of Law, 156; 11 Cyc. 197.

The covenants in this party wall contract do not run with the land. Crawford v. Krollpfeiffer, (N. Y.) 88 N. E.; Sebald v. Mulholland, (N. Y.) 50 N. E. 260; Cole v. Hughes, 55 N. Y. 444; Scott v. McMillan, 76 N. Y. 141; Hart v. Lyon, 90 N. Y. 663; Joy v. Boston Bank, 115 Mass. 60.

Title to that portion of the party wall standing upon lot 9 passed to defendant's Grantor as soon as built upon said lot. Civil Code, Sec. 188 and 899; Sweet v. Myers 3 S. D. 324; Millison v. Insurance Co. 23 S. D. 285; Pomeroy v. Bell, Cal. 50 Pac. 683; Dutton v. Ensley (Ind.) 69 Am. St. Rep. 340.

Under the statues of this state, and the particular terms of the party wall contract in question, the north half of the wall became a part of the realty of lot 9 at the time of its erection.

WHITING, J.   Plaintiff sought to quiet title in and to the whole of a certain party wall standing partly on land belonging to her and partly on land belonging to defendant; to recover rental for the use and occupancy by defendant of such party wall; to recover damages for injury to such wall; and to require the defendant to pay rental for the use of such wall until such time as defendant should acquire title to such part of said wall as rests upon its land. Defendant pleaded a general denial; the 6, 10, 15, and 20 year statutes of limitation; estoppel by

laches; that plaintiff could not recover damages because she had not, prior to commencing this action, presented and filed a verified claim as required by statute; and defendant also, by way of counterclaim, sought to quiet title in and to that part of said wall resting on its land. The cause was tried to the court without a jury; findings, conclusions, and judgment were entered in favor of defendant, said judgment including a decree quieting title in defendant in and to the part of the wall resting upon its land; and plaintiff appealed from the judgment and from an order denying a new trial.

The following are undisputed facts: In 1887 one W. was the owner of a certain lot in respondent city, and one H. the owner of an adjoining lot. H. was about to erect a building upon his lot, and he and W. entered into a contract under seal, which, after reciting the ownership of said lots, that H. was about to erect a brick building upon his lot, and that W. had agreed to permit H. to erect the wall thereof on the boundary line of said lot—one-half thereof to rest upon each lot and to be used as a party wall upon the terms and conditions thereinafter mentioned—provided, among other things: That H. should, within a reasonable time, erect such building and build the said wall on such boundary line. That, "for the purpose of carrying out this agreement, said party of the first part (H.), upon the terms and conditions hereinafter set forth, does hereby grant and convey to said second party (W.), the right to use said wall as a party wall in the erection of any building which said second party, her heirs or assigns may hereafter erect on said lot." "That whenever said second party, her heirs, grantees or assigns shall erect a building upon said lot * * * and use said wall or any part thereof as a party wall said second party, her heirs, grantees or assigns shall pay to said party of the first part, his heirs, grantees or assigns, one-half of the estimated cost of building so much of said wall and stone foundation, as shall be used by said second party, her heirs, grantees or assigns, as a party wall as aforesaid, at the time the same is sought to be used by said second party, her heirs, grantees or assigns." That said wall should be repaired at the sole expense of H. until W. should make use thereof, and thereafter at joint expense. That, if any part of

said wall should be rebuilt, it should be placed in the same spot, be of the same size and of the same material of like quality, unless the parties otherwise agreed. And that "it is further stipulated, covenanted and agreed by and between the parties hereto for themselves, their heirs, grantees and assigns, that this agreement shall at all times be considered a covenant running with the land, but that no part of the fee of the soil" of either lot should pass to the owner of the other lot or to his heirs, grantees, or assigns by virtue of such party wall agreement.

H. erected a building having a wall as specified in the agreement, and continued to own his lot and building until the year 1909. In the year 1895, W. sold and conveyed her lot to respondent by a deed containing full covenants of warranty, and she assigned to it all her interest in and rights acquired under said party wall contract. In the year 1895, respondent erected a building upon the lot so purchased by it, and, in so doing, used the said wall for the support of such building, cutting into the same wherever necessary in order to allow the insertion into said wall of the floor, ceiling, and roof joists. Respondent failed to make payment in accordance with the provisions of said party wall agreement, and has never paid anything thereunder. H. knew of the erection of said building by respondent at the time the same was being erected, or soon thereafter. In the year 1909, H. sold his lot and building to appellant and gave to her a warranty deed containing the following exception in the covenant against incumbrances: "Subject however to any party wall contract and * * * purchaser to be entitled * * * to the benefit of any party wall contract." There was, however, no assignment to appellant by H. of the party wall contract or of any claim for damages which H. may have held against respondent on account of respondent's use of said wall, or of any claim which H. may have had against W. or respondent under the covenants of said party wall agreement, unless the above-quoted clause in said deed constituted such an assignment. Appellant presented to respondent an unverified claim against it for one-half the value of said wall at the time it was used by respondent in 1895 and interest thereon from that time to the date of the demand.

Such payment being rejected, appellant brought this action which, though originally brought for the recovery of the claim as set forth by appellant in her written demand upon respondent and to have the same decreed to be a lien on respondent's lot, was, under an amended complaint, tried out upon the theory and issues hereinbefore first noted.

Appellant contends that, under the party wall agreement, H. became the sole and absolute owner of said wall, with a right however on the part of W., or her assigns, to acquire a half interest in said wall upon the condition precedent that said W. or her assigns should make the payment provided for in said contract; that, such payment not having been made, respondent, as grantee and assignee of W., never acquired any right or interest in and to said wall, and has been at all times since using such wall a trespasser and liable as such; that respondent could acquire no title to nor easement in said wall except through payment under the provisions of said contract, or through adverse possession for such time as to give it title in and to said wall or a right of easement therein by prescription; that the city could gain no rights by ten years' adverse possession, as it had no color of title and had paid no taxes. Appellant further contends that, before respondent could acquire title by adverse possession under the ten-year statute, if such statute has any application to a title to be acquired by a city, it would have to pay the taxes that were assessed upon such wall; and, in line with this contention, appellant, upon the trial, offered evidence tending to prove that her building had, at all times since its construction, been assessed for taxes, and that there was included, in the amounts assessed, assessments for and on account of the whole of such party wall, the taxes upon which had been paid by appellant and her grantees and never in any part by respondent.

Respondent contends that, under and by virtue of such party wall contract, W., immediately upon the construction thereof, became vested with title in and to such part of said wall as was situate on her land; that such title was acquired by respondent through its purchase of the lot; that the provision in said contract for the payment of one-half the value of said party wall "whenever said second party, her * * * grantees * * * shall * * * use said wall, * * * "was not a

condition precedent to the vesting of title in said wall in W. or her grantees, but was a provision fixing the time when payment was due; and that the words, "one-half of the estimated cost of building * * * at the time the same is sought to be used by said second party, her * * * grantees, * * *" fixes the basis for computing the amount to be paid, namely, what it would cost, at the time it is sought to use the wall, to erect that part which is thereafter actually used; that the failure to pay the said amount was a breach of a covenant to make such payment, which breach of covenant gave to H. a right of action against respondent, which right of action is now barred by the statute of limitation; that such right of action, even if it were not barred, did not pass to appellant; and that, even if title to said party wall did not vest in W. upon the erection of such wall, yet respondent having been in adverse possession of the half of said wall for more than ten years and there being no taxes assessable against that part of the wall owing to the fact that it rests upon respondent's land and is therefore exempt, it has acquired title in and to the said party wall by ten years possession.

Counsel have filed exhaustive briefs in support of their various contentions. An examination of the authorities cited, and the many others that we have examined has fully impressed us with the fact that it would be impossible, and therefore useless, for this or any other court to try to reconcile the holdings of the various courts, or even the various holdings of the same court, in relation to the rights and liabilities flowing from party wall agreements. Especially is this true as to opinions in cases where one or both parties to a party wall agreement had, as in the case at bar, transferred their land to third parties, and it was the rights and liabilities of such third parties that were the subjects of determination. The authorities agree that the question of when title to a wall built under one of these agreements vests in the owner of the land of the nonbuilder depends entirely upon the peculiar wording of the particular contract; but they certainly fail to agree when it comes to construing contracts similar in their wording.

[1,2] We think that the proper rule, founded upon reason and fundamental principles, is that, unless payment for an in-

terest in said wall is, by the clear terms of the contract, made a condition precedent to the vesting of title in the nonbuilder such title should be held to vest in such nonbuilder at least as soon as, under the terms of such contract, he becomes liable to pay the agreed consideration for such interest therein; that, regardless of the time when the nonbuilder becomes liable for such consideration, the title should be held to vest in him immediately upon the erection of such wall, if under the terms of such contract he then assumes any responsibilities in relation to such wall, such as liability to keep same in repair or to share in expense of repairs. Construing the party wall agreement in the case at bar in accordance with the above rule, it seems clear to us that title to the wall vested in respondent not later than the moment it made use of such wall in the construction of its building. It must be borne in mind at all times that, upon its erection, one-half of such party wall would have become the absolute property of W., and that she and her grantee would have had the absolute right to use such wall free from any liability to pay H. any part of the cost thereof, if there had been in such contract no provision that such payment should be made. Such payment was not made a condition precedent to the use of such building, but a condition concurrent with such use, and, immediately upon such use, H. became entitled to recover of respondent, either under the covenant contained in said contract or upon an implied agreement, the amount provided by said contract. It will be noted that, under the terms of such contract, the payment should be made "whenever said second party, her heirs, grantees or assigns shall erect a building * * * and use said wall," but that the amount of such payment was to be determined as of the date when the wall "is sought to be used." Appellant seems to lay much weight to this last provision, and contends that it fixes the time for payment and that such payment is thereby fixed to be made before user. With this we cannot agree.

Another provision of such party wall agreement that evidences the intent of the parties thereto that title in such wall should vest in W. or her grantee at least as soon as she or her grantee should use such wall is that provision under which liability to share in the expense of repairs arose upon use of

such wall. This liability for repairs is certainly an incident of ownership and is not consistent with the theory that respondent was a trespasser when using the wall.

[3] There is another reason why appellant is not entitled to the relief asked for either in his original or amended complaint. No matter whether payment by respondent was a condition precedent to his acquiring title to one-half the wall, yet as soon as such wall was used H. became vested with a right of action to recover the amount prescribed by the contract. The authorities are in hopeless conflict as to the party from whom such recovery may be had and as to the basis for such recovery, especially when one or both of the parties to the contract have conveyed their land prior to the user of the wall by the non-builder or his grantee. A very full discussion, with a collation of numerous authorities and their holdings, will be found in 89 Am. St. Rep. pages 939-945. While an examination of these authorities will reveal that, under all of them, H. became vested with the right of action to recover the amount agreed upon in the contract, yet this right of recovery would not pass from him to his grantee, as a covenant passing with the land the party wall having been used by respondent prior to such grant; neither are the words of the deed to appellant, hereinbefore quoted, sufficient to constitute an assignment of the claim vested in H. We quote with approval from Gibson v. Holden, 115 Ill. 199, 3 N. E. 282, 56 Am. Rep. 146, a case where the contract recited: "The provisions of this agreement shall be deemed and taken to be covenants running with the land, and shall be binding upon the executors, heirs, devisees, and assigns of said parties, and shall bind all persons having at any time any interest or estate in said land." That court said: "Why should a debt be transferred by a sale of real estate, unless of that character that it would necessarily affect the value or quality or the enjoyment of the real estate? Moreover, where the covenant is not of a nature that the law permits it to be attached to the estate as a covenant running with the land, it cannot be made such by agreement of the parties. Masury v. Southworth, 9 Ohio St. 340; Glenn v. Canby, 24 Md. 127; Brewer v. Marshall, 18 N. J. Eq. 337; Id., 19 N. J. Eq. 537 [97 Am. Dec. 679]; notes to Spencer's Case, vol. 1, pt. 1, Smith's Leading Cases (7th Am.

Ed.) 168. Our conclusion therefore is that the fair construction of this clause of the agreement will not warrant us in holding that it was intended the right to receive payment for the half of the cost of the wall should pass by a conveyance of Holden's lot, unless the language of the former part of the agreement is susceptible of that construction and that it was only intended by this clause that such covenant should run with the land of both parties, or of either party, as were, when considered with reference to their subject-matter, practically adapted to the accomplishment of that end, and susceptible, legally, of being enforced as such. It is said by the editors of Smith's Leading Cases in the notes to Spencer's Case, vol. 1, pt. 1 (7th Am. Ed.) p. 219: 'Whether a covenant will or will not run with the land, does not so much depend on whether it is to be performed on the land itself as on whether it tends directly or necessarily to enhance its value or render it more beneficial or convenient to those by whom it is owned or occupied, for, if this be the case, every successful assignee of the land will be entitled to enforce the covenant.' And the same authority also says (page 217): 'When, however, the covenant relates to matters collateral to the land, its operation will be confined strictly to the original parties to the agreement.' This doctrine received the approval of this court in Wiggins' Ferry Co. v. Ohio & Mississippi Ry. Co., 94 Ill. 95. Applying the principle here, it seems impossible to hold that the right to receive payment for the cost of one-half the wall ran with the land."

It follows that H. is still vested with a right of action to recover the value of one-half of the wall. This right of action he can enforce until barred by some statute of limitations, and if appellant is right in her contention that, inasmuch as the party wall agreement is under seal, rights thereunder are not barred until expiration of 20 years, H. still has his right of action; the same having accrued in 1895. Certainly no one would contend that H. can have a right of action to collect the value of half this wall, and at the same time appellant be entitled to treat respondent as a trespasser for using such wall. Appellant has failed to cite any authority supporting such a proposition, or to support the proposition that H., while the owner of his lot, could have treated respondent as a trespasser so long as respondent

was using the party wall for those purposes only which were contemplated by the contract. Appellant's deed did not purport to convey and did not convey to her anything but the one lot, but conveyed this lot burdened with a party wall easement in favor of the adjoining lot and possessed of a similar easement against such adjoining lot. Other than her right to enforce the one easement and restrict within its proper limits the other easement, she has acquired no rights against respondent or its part of the wall, except such rights as vested in her under such covenants, contained in the party wall contract, as passed with her lot, such as the covenant to pay one-half the costs of repairs, the covenant that either party could raise the party wall another story, or the covenant in. relation to rebuilding the party wall if it should be destroyed, and she could not recover damages for a breach of even such a covenant if such breach occurred prior to her purchase from H.

[4] Appellant assigns as errors two rulings of the trial court ordering appellant, upon respondent's motion, to procure further transcripts of the proceedings upon trial for the purpose of adding same to appellant's proposed record offered for settlement under chapter 178, Laws 1913. The settlement of the record by the trial court is a matter over which this court, as an appellate court, has no jurisdiction (State ex rel. v. Leggett, 142 N. W. 974), unless it be upon an appeal from a taxation by the lower court of the costs of procuring such further transcript—a question of jurisdiction upon which we express no opinion at this time.

Under the views herein expressed it becomes unnecessary for us to consider the other questions discussed by appellant.

The judgment and order are affirmed.