HILL, Appellant, v. CITY OF HURON, Respondent.

(165 N. W. 534.)

(File No. 4062.    Opinion filed December 13, 1917.)

**1.  Pleadings—Res Judicata—Answer, Admissions In, Contrary to Former Adjudication, Effect.**

Where, in a suit upon contract for use of a party wall, the complaint alleging in effect that plaintiff acquired a former realty owner's right of action against defendant, on a certain date, being the date on which she purchased the adjoining realty, which admission was contrary to a former adjudication, the answer denying said allegations, held, that, defendant at conclusion of plaintiff's evidence having amended its answer so as to admit said allegations, its defense of res judicata, interposed under the same answer, was thereby withdrawn; since, after admitting the fact, defendant cannot rely upon a former adjudication that such was not the fact.

**2.  Party Wall—Mutual Covenants of Use and Payment, Whether Running With Land—Easement, Effect—Statute Construed.**

Where a party wall was constructed by a land owner, under an agreement with an adjacent owner that the latter could use it as a party wall, he to become liable whenever he did so, for half the estimated cost of building so much of the wall and foundation as should be used, he to be jointly liable for repairs, held, that the mutual covenants of use and payment ran with the land; since they contemplated, upon performance, a future benefit to said adjacent lot, to wit: an easement in the wall and sustaining ground, and hence they come within provisions of Civ. Code, Sec. 738, providing that every covenant contained in a grant of an estate in realty, made for direct benefit of the property, or some part of it then in existence, runs with the land.    Former decision (33 S. D. 324, 149 N. W. 570), as to grantee's title, adhered to.

**3.  Party Wall—Easement, Benefit of By Grantee of Adjacent Owner, Right of Action For, Assignment of, Effect.**

When defendant city took the benefit of such easement, the corresponding covenant to pay therefor under the contract became effective in favor of the then owner of the land; and while a right of action upon the liability which had accrued against the city's grantor for previous use of the wall, would not pass to a subsequent grantee by virtue of the grant alone, the then owner could assign such right of action so as to render the present adjacent owner liable thereunder to the assignee of the contract.

**4.  Limitations—Party Wall Contract, Covenant Under—Use of Wall By Land Owner's Grantee—What Limitation Statute Applicable.**

In a suit by a grantee of realty upon the line of which and
an adjacent lot a party wall had been constructed under a
contract between the then owners, containing mutual covenants
for its use and payment therefor by the adjacent land owner,
to recover against defendant, a grantee of said former adjacent
owner, for the value of its use subsequent to defendant's pur-
chase, upon the contract, held, that although the covenants ran
with the land, such action is not barred by the six year statute
of limitations, but is governed by the twenty year statute;
since, the contract being under seal, and moreover, by using
the wall with knowledge of the terms of the contract at time
defendant bought the lot, it became an actor thereunder, and
defendant's grantor was not liable for use of the wall by
defendant.     To hold that the six years period of limitation
applies would deprive the other party of his right under the
contract, which right he had not waived, since he had no con-
trol of the sale of the adjacent lot nor of the interest in the
party wall attached thereto.

Appeal from Circuit Court, Beadle County. Hon. ALVA E.
TAYLOR, Judge.

Action by May H. Hill, against the City of Huron, to
recover for use of a party wall. From a judgment upon verdict
directed for defendant, and from an order denying a new trial,
plaintiff appeals. Reversed, and remanded for further proceed-
ings.

See, for opinion in former action, 33 S. D. 324, 145 N. W.
570.

*A. W. Wilmarth, C. A. Kelley,* and *Chas. P. Warren,* for
Appellant.

*Gardner & Churchill,* for Respondent.

(2) To point two of the opinion, Appellant cited: McChes-
ney, Adm., v. Davis, 86 Ill. App. 380; Southworth v. Perring
(Kan.) 2 L. R. A. (N. S.) at 89; Ferguson v. Worrall, 9 L. R.
A. (N. S.) 1261, 101 S. W. 966; Vol. 30 Cyc. 787-8-9, 791-2,
794-5; Vol. 22 (2nd ed.) A. E. Ency. of Law, p. 250-255; 7 R.
C. L. 1107; Note to Sanberg v. Rowland (Wash.) 97 Pac. 1087,
130 A. S. R. 1077; Jebbells & Colias Confectionery Company v.
Brown (Ala.) 11 Ann. Cas. 525, and note; Northern Pacific Rail-
way Co. v. McClure (N. D.) 81 N. W. 52; Roche v. Ullman,
104 Ill. 11; Cook v. Paul (Neb.) 66 L. R. A. and note; Maupai
v. Jackson, 139 App. Div. 524, 124 N. Y. Sup. 220; Morris v.
Burr, 112 N. Y. Sup. 243.

Respondent cited: Civ. Code, Secs. 1136, 1138, 1139, 1140; Hill v. City of Huron, 33 S. D. 324; Scottish-American Mtg. Co. v. Russell, 20 S. D. 42; Solberg v. Robinson, 34 S. D. 55; Gale v. Frazier, 4 Dak. 196, 30 N. W. 138; Fresno Canal Co. v. Dunbar (Cal.) 22 Pac. 275; Pomona Land Co. v. San Antonio Co. (Cal.) 93 Pac. 881 (885); Cole v. Hughes, 55 N. Y. 444; Washburn on Real Estate (4th ed.) Vol. II, pp. 284-5; Standish v. Lawrence, 111 Mass. 11 (114).

(4) To point four of the opinion, Appellant cited: Code Civ. Proc., Secs. 39, 57, 58; Sharpe v. Cheatham, 88 Mo. 498, 57 Am. Rep. 433.

Respondent cited: Hollister v. Strahon, 23 S. D. 570; Willard v. Wood, 164 U. S. 502, 41 L. Ed. 531, also in 135 U. S. 309, 34 L. Ed. 210; Thompson v. Chessman (Utah) 48 Pac. 477.

GATES, P. J. Action to recover for use of a party wall constructed by one Hills in 1887 under a party wall contract between Hills and defendant's grantor which wall was made use of by defendant in 1895. On December 1, 1909, Hills conveyed his lot to this plaintiff and delivered to this plaintiff his copy of such contract. In a former action between the same parties for the same purpose the trial court found (incorrectly labeling it as a conclusion of law):

"That the grantor, William E. Hills, did not at any time assign or transfer to said plaintiff any cause or right of action on account of alleged breach of the covenants contained in the party wall contract heretofore set out."

Upon appeal to this court the judgment in that case was for that reason, among others, affirmed. Hill v. City of Huron, 33 S. D. 324, 145 N. W. 570. Reference is made to that opinion for a copy of the contract and an understanding of the facts. Soon after the filing in the trial court of the remittitur from this court in that case a new action, the present one, was begun. In the complaint in this case, the plaintiff alleged in paragraphs 8 and 9 in effect that she acquired Hills' right of action against the city on December 1, 1909. The defendant as one of its defenses denied said paragraphs of the complaint but alleged in effect that if plaintiff did acquire such right of action on December 1, 1909, the judgment in the former case operated as a bar to the present

action. Upon the conclusion of plaintiff's evidence in the present case defendant asked leave to amend its answer by admitting the allegations of paragraphs 8 and 9 of the complaint. Such leave was granted without objection and defendant filed its amended answer. At the conclusion of all the evidence defendant moved for a directed verdict for the reason, among others, that the matter was res judicata, which motion was granted. From the judgment, and an order denying a new trial, plaintiff appeals.

[1] By amending its answer pursuant to leave sought and granted so as to admit the allegations of the complaint above mentioned, the defendant withdrew its defense of res judicata so that at the conclusion of the trial it stood as an admitted fact that the plaintiff acquired Hills' right of action against the city on December 1, 1909, at the time she purchased the lot and under circumstances that were not champertous. After admitting a fact the defendant cannot rely upon a former adjudication that such was not the fact. By admitting the fact the defense of res judicata was removed from the case. The only questions therefore that are necessary to be considered are whether the covenant in the party wall contract to pay for one-half of the party wall when used ran with the land, and if so what statute of limitations is applicable.

[2, 3] After examining the many apparently conflicting decisions upon the question and while adhering to the former decision, we are of the opinion that the mutual covenants of use and payment contained in the party wall contract ran with the land because they contemplated, upon performance, a future benefit to the adjacent lot, to-wit, an easement in the wall and in the ground upon which it stood, and hence come within the provisions of section 1138, C. C. The intention of the parties as gathered from the contract was that these covenants should run with the land. 7 R. C. L. 1107. When the city took the benefit of the easement the corresponding covenant to pay therefor under the contract became effective in favor of the then owner of the land, and while a right of action upon such accrued liability would not pass to a subsequent grantee by reason of the grant alone, the then owner could assign such right of action.

[4] The respondent contends that even if the covenants did run with the land the action is barred because not brought within

six years from the use of the wall by it, citing and relying upon the decision in Hollister v. Strahon, 23 S. D. 570, 122 N. W. 604, 21 Ann. Cas. 677. There it was held that an action to enforce payment of a mortgage against a grantee whose deed recited that he assumed the mortgage, was controlled by the six years' statute of limitations. That decision has no bearing upon the present case. If at the time the city bought the property the party wall had been used by its grantor but not piad for, and the deed to the city had recited that the city assumed and agreed to pay such indebtedness, we would then have a situation somewhat comparable with that in Hollister v. Strahon, supra. In such case the other party would still have 20 years from the time of use within which to bring action against the original user and also the period of six years (if the six years' period were applicable) after the assumption of the indebtedness within which to bring action against the city. The transfer of the property and assumption of the obligation would not shorten the other party's rights but would give him an added right. But here by using the wall with knowledge of the terms of the contract at the time it bought the lot, the city became an actor under the contract. The city's grantor did not become liable for the use of the wall by the city. The city alone was liable. To hold in this case that the six years' period of limitations applies would deprive the other party of a right which he had under the contract, which right he in no manner waived because he had no control of the sale of the adjacent lot nor of the interest in the party wall which attached to that lot. It ought not to be held that a party has lost a right under a contract by reason of something he could not possibly control or prevent. We are of the opinion that the obligation to pay for the use of the wall is governed by the 20 years' statute of limitation because the contract was a sealed contract and because by acting thereunder the city became a virtual party thereto.

It now appearing that upon the purchase of the lot from Hills the plaintiff acquired Hills' right of action against the city for the use of the wall, the judgment and order appealed from are reversed, and the cause remanded for further proceedings in harmony with this opinion.