PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff and Respondent, vs. CLYBOURN REALTY COMPANY and others, Defendants: SCHEFRIN, Defendant and Respondent: PLATH, Defendant and Appellant.

*February 7—March 6, 1934.*

The cause was submitted for the appellant on the brief of *Wilbershide & Baumblatt* of Racine, and for the respondents on that of *Roehr & Steinmetz* of Milwaukee, attorneys for Prudential Insurance Company of America, and *Morris Stern* of Milwaukee, attorney for Jacob Schefrin.

FOWLER, J.   A judgment providing for deficiency judgments against the defendant Anna M. Plath was entered in favor of the plaintiff insurance company in a suit to foreclose its first mortgage and in favor of cross-complainant Jacob Schefrin upon his second mortgage.   Mrs. Plath moves for relief from the judgment under sec. 269.46, Stats., which authorizes a court to grant relief within one

year from discovery thereof from judgments on the ground of "mistake, inadvertence, surprise or excusable neglect." Mrs. Plath purchased the premises subject to the mortgages, and the provision for the deficiency judgments is based upon a clause in her deed reciting that she assumed and agreed to pay the two mortgages. She claims the judgment is erroneous because her grantor was a purchaser under a deed by which he took subject to the mortgages but did not assume or agree to pay either of them.

This court squarely held in *Enos v. Sanger,* 96 Wis. 150, 70 N. W. 1069, that a judgment for deficiency is proper in such a case, on the principle afterwards so explicitly stated in *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440, that a promise made upon consideration by one party to the contract to the other party for the benefit of a third person may be enforced by the third person, although no consideration passed from the third person and the third person had no knowledge of the promise. The precise point here involved seems not to have been again before the court. The court in its opinion in the *Enos Case* recognized a division of authorities, stated that harmonizing them was hopeless, and took its position as stated.

It is urged that the rule should be changed because, as contended, the weight of authority and reason as indicated in a note in 12 A. L. R. 1531, 1537, is contrary to our decision. However, the decision has been the accepted law of the state for over thirty-five years, and we consider that it should not now be overruled. The rule of the *Tweeddale Case* has been consistently and many times reaffirmed in our decisions, and it applies as well to the situation here involved as to any other.

*By the Court.*—The order of the circuit court is affirmed.