BEACON FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff and Respondent, v. PANORAMIC ENTERPRISES, INC., Defendant: ASSOCIATED BROKERAGE, INC., Defendant and Appellant.

*November 4—December 1, 1959.*

For the appellant there was a brief by *Wittig & Wittig,* attorneys, and *Michael J. Duginski* of counsel, all of Milwaukee, and oral argument by *Mr. John A. Wittig* and *Mr. Duginski.*

For the respondent there was a brief by *George D. Young,* attorney, and *John H. Ames* of counsel, both of Milwaukee, and oral argument by *Mr. Ames.*

CURRIE, J.   Both the defense alleged by Associated in its answer to plaintiff's cause of action for foreclosure, and the cause of action attempted to be alleged in the counterclaim, are grounded upon the oral extension agreement. If it appears upon the face of the answer and counterclaim that such oral extension agreement is void and unenforceable, then such defense and cause of action necessarily fail. While

Associated concedes that this is so, it nevertheless contends that in any event the allegation contained in paragraph 3 of the answer states a good defense with respect to that part of the complaint wherein it is sought to enforce personal liability against Associated.

The plaintiff contends that the oral extension agreement alleged in the answer and counterclaim are invalid (1) because of want of consideration; and (2) because of violation of the statute of frauds inasmuch as it was not in writing subscribed by the plaintiff. Being satisfied that such agreement does lack consideration, we find it unnecessary to pass on the statute-of-frauds issue as applied to such extension agreement. However, we are necessarily faced with another statute-of-frauds issue in passing upon the merits of the defense interposed by paragraph 3 of the answer with respect to the asserted personal liability of Associated to pay the mortgage indebtedness.

### Validity of the Extension Agreement.

Paragraph 2 of Associated's answer merely alleges that the plaintiff orally agreed to the extension "for valuable consideration." However, paragraph 2 of the counterclaim sets forth that such consideration consisted of Associated's agreeing to make monthly payments of $2,700 per month to cover payments due the plaintiff on the mortgage note and 22 other notes. Such paragraph further alleges that $800 of each of such $2,700 monthly payments covered arrearages already due on such notes so that at the end of one year such arrearages would be brought up to date.

Associated was already obligated to pay such arrearages. Therefore, in agreeing to pay the additional $800 per month to apply on the arrearages of the several notes, Associated was only promising to do something which it was already obligated to do. The promise of payment of a debt already

due is not sufficient consideration for a promise of the creditor to forbear or extend time of payment. 1 Williston, Contracts (3d ed.), p. 505, sec. 120; *Andrews v. Pfent* (1937), 280 Mich. 324, 273 N. W. 585. Therefore, in the instant case the oral extension agreement is void and unenforceable because of want of consideration.

### *Personal Liability of Associated.*

Associated was not an obligor on the original mortgage note, but the complaint alleges that it later accepted a warranty deed conveying the mortgaged premises to it, which deed contained a provision that the grantee assumed and agreed to pay the balance due the plaintiff on the mortgage indebtedness. As a defense to such allegation, paragraph 3 of Associated's answer alleges that such deed was not signed by Associated. This raises an issue of whether such agreement of assumption is not void under the statute of frauds.

This court repeatedly has held under similar fact situations that the acceptance by the grantee of a deed containing such an assumption clause does impose personal liability upon him to pay the mortgage debt. *Prudential Ins. Co. v. Clybourn Realty Co.* (1934), 214 Wis. 409, 253 N. W. 397; *Stites v. Thompson* (1898), 98 Wis. 329, 73 N. W. 774; *Enos v. Sanger* (1897), 96 Wis. 150, 70 N. W. 1069, 37 L. R. A. 862; and *Bishop v. Douglass* (1870), 25 Wis. 696. However, apparently this court in so holding has not directly passed on the question of whether such an assumption agreement is within the statute of frauds because not embodied in a writing which has been subscribed by the grantee. The general rule in other jurisdictions is that such an agreement is not within the statute of frauds. 37 C. J. S., Frauds, Statute Of, p. 542, sec. 29 a.

The grounds on which it is usually urged that such an assumption agreement falls within the statute of frauds are:

(1) That it cannot be performed within one year if the maturity of the debt assumed is more than one year in the future with no right of the mortgagor to pay the debt in advance of maturity; and (2) that it constitutes a promise to answer for the debt of another person. The applicable provisions of the Wisconsin statutes are sec. 241.02 (1) and sec. 241.02 (2).

The consideration for the agreement of Associated to assume and agree to pay the mortgage debt was the transfer to it of the mortgaged property, and moved from the grantor. The grantor performed his part of the agreement coincident to Associated's promise of assumption coming into existence. The majority rule is that, in order for a bilateral contract to violate the one-year provision of the statute of frauds, performance by both parties must extend beyond one year, and not merely performance by one party. Restatement, 1 Contracts, p. 262, sec. 198, and Anno. 6 A. L. R. (2d) 1053, 1111. Wisconsin is one of the states which follows such majority rule. *Mair v. Schultz* (1928), 194 Wis. 578, 217 N. W. 328, and *Grace v. Lynch* (1891), 80 Wis. 166, 49 N. W. 751.

Neither does such an assumption agreement fall within that part of the statute of frauds which requires promises to answer for the debt of another to be in writing and subscribed by the party sought to be charged therewith. The reason for this is well set forth in *Herrin v. Abbe* (1908), 55 Fla. 769, 774, 46 So. 183, 185, 18 L. R. A. (N. S.) 907, 910, as follows:

"A promise by the purchaser of lands that are subject to a mortgage to assume and pay off the incumbrance as a part of the consideration or purchase price is not required to be in writing because it is not a promise to pay the debt of another, but it is a promise to pay to a third party the debt the grantee owes to the grantor. The fact that in thus pay-

ing his own debt the grantee incidentally discharges the debt of his grantor does not bring the promise within the statute of frauds. 20 Cyc. 175, note 86; 29 Am. & Eng. Ency. Law (2d ed.), 916, note 1."

See also *Hanson v. Knutson Hardware Co.* (1924), 182 Wis. 459, 464, 196 N. W. 831.

*By the Court.*—Order affirmed.