Donald O'BRIEN, Appellant
(Plaintiff below),

v.

GENERAL MOTORS ACCEPTANCE
CORPORATION, Appellee
(Defendant below).

No. 2996.

Supreme Court of Wyoming.

May 31, 1961.

Tosh Suyematsu, Cheyenne, for appellant.

Henderson & Godfrey, Cheyenne, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Donald O'Brien sued General Motors Acceptance Corporation [1] for $1,716.92 damages because of an alleged breach of contract in the repossession of a 1957 Buick automobile. The matter was tried to a jury which found generally for defendant, and from the resulting judgment this appeal has been taken. The following facts were developed at the trial: On March 7, 1958, Smith-Chadderdon Buick, Inc., sold to O'Brien by conditional sales contract, which was later assigned to defendant, a 1957 four-door Buick Riviera sedan for a total price of $5,311.74, with a down payment of $1,066.92, allowed for a 1957 Mercury Monterey; a further payment of $1,109.87 due on April 15, 1958; and thirty-five installments of $89.57 commencing May 15, 1958. Plaintiff did not meet the large April payment; and in October 1958, as well as in previous months, his payments on the purchase contract were in arrears, the delinquencies being caused, according to plaintiff, by his failure to receive certain expected payments from the Air Force. About October 6 defendant's field representative, West, saw plaintiff regarding the obligation, and a discussion concerning a rewriting of the contract ensued, apparently with a view to working out an arrangement which plaintiff could meet and which defendant would agree offered sufficient security. Plaintiff's wife and Ralph Graft, a friend, were present, but neither

heard any substantial part of the conversation. Plaintiff and West are not in agreement as to what was said. West gave his version:

"* * * I went down and talked to him and he was there and we hashed it over, one hundred dollars is all he could pay. He gave that to me. I gave him a receipt and inspected the car and top of the renewal and again showing mileage and general condition I found there. I told him as far as I was concerned that took care of it, if for some reason management didn't approve it, I would come back to see him which I did. * * * I went back * * * around the 18th or 20th of the month. I gave him the bottom of the renewal and told him until an additional five hundred dollars was paid on it we couldn't do it. I told him I would be back later that week and hoped he could come up with additional money and if he couldn't I would have to pick up the car at that time. * * * I went back Monday and told him by Friday afternoon I would have to have additional money. I told him I would give him that much time to come up with it and he said, 'I don't think I can' and I said 'Why don't you try and I will see you Friday?' and so Friday afternoon * * I repossessed the car."

Plaintiff testified that West came to his place and said:

"* * * he [West] had made arrangements, that he had a new contract and if I would pay one hundred dollars and sign this contract, that it would be broke up in thirty-six month payments and this would end the whole thing and all I had to do was make regular payment each month, amounting to about one hundred twenty-two dollars I believe. * * * he guaranteed this would be the end and from

1. K. E. West, Field Representative of G. M. A. C., was originally joined as defendant but at pretrial conference was dismissed without prejudice.

then on all I had to do was pay one hundred twenty-two dollars and that was the end and I gave him one hundred dollars and signed what was supposed to be the contract. * * * He guaranteed that that would be the contract— * * * He said he would guarantee it and in a few days the papers and payment book would be in the mail."

Defendant presented evidence to show that the corporation's retail renewal form is in two sections, the upper portion providing certain information regarding the customer and the collateral with a place for the approval of the dealer and G.M.A.C., while the lower portion, detachable by perforation, is entitled "Contract No. ————" but is in effect an installment promissory note providing for rearrangement of installments with a place for the purchaser's signature and witnesses'. There was entered in evidence by defendant the top portion, fully executed, marked "No—not approved!" and initialed by Mark Paden, defendant's credit manager. The bottom part, introduced by plaintiff, and signed by him, was filled in to show, balance, $4,395.-96, due in thirty-six monthly installments of $122.11, commencing November 10, 1958. The plaintiff testified he did not recall seeing the top portion and that the bottom was not executed when he signed it.

Plaintiff made no assignment of errors but argues a number of grounds for reversal: (1) Improper instruction of the jury, (2) reception of testimony of N.A.D.A. book value of the Mercury, and (3) reception of hearsay testimony pertaining to conversations of plaintiff with his former attorney. He insists that if the jury had been properly instructed there would have been no evidence to support the finding against him, and that the modified contract supported by a written memorandum was established by uncontroverted evidence as a matter of law. Although each of these

matters will be discussed, it seems clear that there was but one real question, and this was as announced at the time of the pretrial conference, "Did the parties enter into a binding agreement under which repossession of the car by defendant was unlawful at the time of the repossession." Plaintiff tacitly concedes this in his brief and failed to object to an instruction in which the court said, "the sole issue to be determined by the jury is whether or not a new contract was entered into by the plaintiff and defendant."

The plaintiff says that in holding generally for the defendant the jury must have arrived at one of the following propositions: (a) There was no new contract, hence no breach; (b) there was a new oral contract, but no breach; (c) there was a new oral contract and a breach but no damage. There are several reasons why we are reluctant to accept this analysis of the case even though defendant does not contest it. In the first place, it is inconsistent with a statement in the previously mentioned instruction, given by the court without objection from either party, which read in part, "In the event you find that a new contract was not made, you should find for the defendant. If you find that a new contract was made, you should find for the plaintiff and assess damages as provided in another instruction." Additionally, a general verdict in favor of a party includes a finding on every material, necessary, and issuable fact which has been submitted to the jury.[2] If plaintiff had desired to restrict the finding of the jury, he could have asked for a special verdict under Rule 49(a), Wyoming Rules of Civil Procedure.

Without conceding, except arguendo, that it is the province of an appellate court to speculate as to the legal theory upon which a jury might have arrived at a general finding, it may be desirable to discuss the points raised by plaintiff here. He

2. Johnson-Sampson Const. Co., Inc. v. Casterline Grain & Seed, Inc., 173 Kan. 763, 252 P.2d 893; Garrison v. Bonham, 207 Okl. 599, 251 P.2d 790; R. H. Kimball, Inc. v. Rhode Island Hospital Nat. Bank, 72 R.I. 144, 48 A.2d 420; 89 C.J.S. Trial § 521.

argues under his proposition (a) that by reason of the court's refusal of nine proffered instructions the jury could presumably have arrived at the conclusion that there was no contract and hence no breach. Six of these instructions relate to certain aspects of the law of principal and agent; the seventh concerns the possibility of accepting a contract by performance of the offeree and for its supplementation through subsequent acts, agreements, or declarations of the parties; the eighth, the rescinding of the contract by the making of a new one inconsistent with the old; and the ninth, the possibility of assenting to a contract by word, act, or conduct, rather than by formal language.

 Defendant raises no question as to the general principles which are recited in these offered instructions, and we perceive none, but the evidence in the record fails to show any reason why the jury should have been instructed on the questions therein discussed. Although defendant conceded that West was its field representative and said that his main duty was collecting past due accounts, it denied that he had authority to execute a contract for the rearrangement of installments. Accordingly, plaintiff had the burden of proving such authority. The law indulges in no presumption that an agency exists. Sarchet v. Roach, 62 Wyo. 97, 163 P.2d 185; 3 C.J.S. Agency § 317. And the authority of an agent must be proved by the person alleging it. Mechem, Agency, § 255 (2d ed.). Since plaintiff failed to meet his burden of proof in this respect, there was no occasion for the trial court to advise the jury on this subject. Neither was there any necessity for instructing upon the acceptance of a contract by subsequent, acts, agreements, declarations, or by the rescinding of an old contract through the making of a new one. The record is devoid of testimony showing any such acceptance, unless it be the receipt of the one-hundred-dollar payment by defendant, which will be discussed later.

 Plaintiff argues under his proposition (b) that a new contract was created by defendant's own admissions and the exhibits entered, that there was a meeting of the minds as far as West was concerned, that he was clothed with apparent authority by having the rearrangement schedules in his possession, and that he acted and continued to act for the defendant in a positive manner by accepting money, discussing and bartering with the plaintiff as to the amount of money to be paid, and purported to represent the defendant in every aspect. Plaintiff insists further that he changed his position to his detriment by paying the hundred dollars immediately and binding himself to pay a promissory note carrying additional interest. As was noted in our discussion regarding the instructions, the authority of an agent cannot be assumed or insinuated, and the record contains no proof of authorization, which fact is tacitly admitted by plaintiff's argument that West did not communicate any limitation to him. Plaintiff did not change his position by binding himself with a promissory note since West's authority was not shown and there was no acceptance of the note by the defendant. Neither was plaintiff's position altered to his detriment by the payment of the hundred dollars since this was an obligation which he had previously assumed under the conditional sales contract. The promise of a payment of a debt already due is not sufficient consideration for the promise of a creditor to forbear or extend the time of payment. Beacon Federal Savings & Loan Ass'n v. Panoramic Enterprises, Inc., 8 Wis.2d 550, 99 N.W.2d 696; 1 Williston, Contracts, § 129 (3d ed)

 Plaintiff further maintains under his proposition (c) that conceivably the jury might have found that there was a new oral contract for the payment of the automobile and breach by defendant but an insufficient showing of damages to warrant recovery for plaintiff so that defendant might prevail, especially in the light of the court's giving Instruction 7 wherein it is stated that a buyer might recover damages from a seller for wrongful repossession to the extent of the value of his interest in the property measured not by

the purchase price but by the value of the property converted. It is urged that this instruction was erroneous since it related to a basis of recovery on tort whereas the action here resides in the breach of contract. The propriety of the instruction may not here be questioned since the record shows no ground of objection having been presented to the trial court as provided in Rule 51, Wyoming Rules of Civil Procedure.

 It is also urged as a ground for appeal that evidence of the N.A.D.A. book value of the automobile was improperly given, but no authority is cited to support the contention. Moreover, the record contains various other instances of similar testimony as to the value of the automobile in question, to none of which testimony was an objection interposed.

 Plaintiff contends that the jury was prejudiced by the testimony of witness Paden relating statements of Mr. Swainson, a former attorney for plaintiff. Again, no authorities are cited in substantiation, but in any event, there would seem to have been no prejudice to plaintiff since he had previously testified regarding this attorney's advice to him on the same subject.

 The specific charges of error are without merit. Additionally, the sole issue was the determination of whether or not a new contract had been entered into between the parties. The trial court so stated in both the pretrial order and in the jury instruction. The record discloses substantial evidence to warrant the verdict of the jury, and accordingly, the judgment of the trial court must be affirmed.

Affirmed.